See also 703 F.Supp. 790.

**James BROWNING, Plaintiff,**

v.

**GROTE MEAT COMPANY, Defendant.**

No. 88–695C(C).

United States District Court,
E.D. Missouri.

Aug. 25, 1988.

David M. Heimos, Clayton, Mo., for plaintiff.

James N. Foster, Jr., Kevin L. Lorenz, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon the plaintiff's motion to remand the action to state court. Plaintiff has also filed a motion for sanctions against the defendant for improper removal. For the reasons stated below, plaintiff's motions will be denied.

Plaintiff Browning was employed by the defendant from August, 1979 through March, 1987. In April of 1988, plaintiff filed his amended petition in the Circuit Court of St. Louis City. In Count 1, Browning alleges that the defendant failed to timely comply with the Missouri Service Letter Statute, R.S.Mo § 290.140. Plaintiff seeks nominal and punitive damages in the amount of $300,000.00. In Count 2, he alleges prima facie tort based upon the defendant's failure to abide by an agreement to continue plaintiff's medical insurance coverage after the plaintiff was discharged from his employment. Plaintiff seeks to recover $300,000.00 actual damages and $300,000.00 punitive damages under Count 2.

On April 8, 1988, defendant removed the action to this Court. In support of removal, defendant argues that Count 2 of the petition "relates to" an employee benefit plan, and therefore is pre-empted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. Based upon the pre-emption argument, defendant claims that the action is within this Court's original jurisdiction, and that it was properly removed under 28 U.S.C. § 1441(b) or (c).

Browning has filed a motion to remand the action to state court. In support of his motion, he points out that his petition makes no reference to ERISA or any other federal law. He argues that removal was improper because his petition cannot be said to "aris[e] under the ... laws of the United States." Plaintiff is relying upon the "well-pleaded complaint rule" which provides that

whether a case is one arising under the Constitution or law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914).

It is true that "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). However, when a claim of ERISA pre-emption is raised, the well-pleaded complaint rule does not end the inquiry.

ERISA provides a comprehensive framework governing the administration of private employee pension and benefit plans. In support of this framework, Congress enacted an expansive pre-emption clause which provides that, with certain limited exceptions, "the provisions of this subchapter ... shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The Supreme Court has given the "relate to" language a broad common-sense construction. *See Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–99, 103 S.Ct. 2890, 2899–2901, 77 L.Ed.2d 490 (1983). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2899. Even a state's general common law will be pre-emption if, in its present application, it "relates to" an employee benefit plan. *See* 29 U.S.C. § 1144(c)(1); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) ("the pre-emption clause is not limited to 'state laws specifically designed to affect employee plans.'" *citing Shaw,* 463 U.S. at 98, 103 S.Ct. at 2900).

The Supreme Court recently addressed the issue of removal of purported state law claims on the grounds of ERISA pre-emption. The plaintiff in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) also relied upon the well-pleaded complaint rule in opposing removal. In response to that argument, the Court wrote

Taylor argues strenuously that this case cannot be removed to federal court because it was not "obvious" at the time he filed suit that his common law action was both pre-empted by § 514(a), 29 U.S.C. § 1144(a), and also displaced by the civil enforcement provisions of § 502(a). [29 U.S.C. § 1132(a)].... But the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress.... Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court....

Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "aris[es] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

*Taylor*, 107 S.Ct. at 1548.

 Under the two part test set out in *Taylor*, removal of the present action was proper. In Count 2, Browning alleges that he was eligible, or had a right to continue his health insurance coverage under the defendant's benefit plan. He further claims that the defendant agreed to continue the coverage but wrongfully permitted his insurance benefits to lapse. Although stated in terms of a state law prima facie tort, this claim not only "relates to" an employee benefit plan, but is actually covered by ERISA. See 29 U.S.C. §§ 1161, et seq. It is, therefore, pre-empted.

The second prong of *Taylor* is also satisfied. Plaintiff's common law action is displaced by the civil enforcement provisions of § 502(a), 29 U.S.C. § 1132(a). Former employees who are "or may become eligible to receive a benefit of any kind from an employee benefit plan" are included in the definition of "participants" who are entitled to bring a civil action under § 1132(a). *See* 29 U.S.C. § 1002(7).

 Count 1 of plaintiff's petition alleges a violation of the Missouri Service Letter Statute, R.S.Mo. § 290.140. This claim is "separate and independant" from the plaintiff's ERISA claim, and therefore it is properly before the Court pursuant to 28 U.S.C. § 1441(c). Although Count 1 could be remanded to state court, this Court declines to do so. The interests of judicial economy and fairness to the litigants supports the conclusion that the plaintiff's claims should be tried in one action. Accordingly, plaintiff's motion to remand will be denied as to both Counts.

Plaintiff has also filed a motion for sanctions based upon the defendant's allegedly improper removal of this case. In light of this Court's determination that removal was proper, plaintiff's motion will be denied.