703 F.Supp. 790 (1988)
James BROWNING, Plaintiff,
v.
GROTE MEAT COMPANY, Defendant.
No. 88-695C(C).
United States District Court, E.D. Missouri.
October 25, 1988.
*791 David M. Heimos, Clayton, Mo., for plaintiff.
James N. Foster, Jr., Kevin L. Lorenz, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon the separate motions of Defendant for summary judgment on Count I of Plaintiff's First Amended Complaint, motion for partial summary judgment on Count II of Plaintiff's First Amended Complaint, motion in opposition to Plaintiff's request for jury trial on Count II of Plaintiff's First Amended Complaint, motion to strike Plaintiff's attempt to reply to Defendant's Reply Brief in Support of its Motion of Summary Judgment and upon the separate motions of Plaintiff to compel Defendant to produce documents pursuant to Plaintiff's First Request for Production Directed to Defendant Numbers 2 and 3 and to compel answers to interrogatories 1, 2 and 4 of the First Interrogatories Directed to Defendant.
The background of this case may be stated as follows. Plaintiff originally filed his complaint on January 26, 1988 in the Circuit Court of St. Louis. The complaint stated one count wherein Plaintiff alleged that Defendant violated § 290.140 R.S.Mo. (Supp.1984), by failing to provide Plaintiff with a service letter after Plaintiff's employment relationship with Defendant was terminated. On April 4, 1988, Plaintiff filed a First Amended Complaint wherein Plaintiff repeated the original complaint as Count I and added Count II, a claim that *792 Defendant committed a prima facie tort with regard to an alleged failing of Defendant to continue Plaintiff's medical insurance coverage. Plaintiff is seeking $300,000 nominal and punitive damages on Count I and $300,000 in actual and $300,000 in punitive damages on Count II. On April 8, 1988, Defendant removed the action to this Court supporting such removal on the claim that the Federal courts had original jurisdiction over the subject matter of Count II under 29 U.S.C. § 1001, et seq., Employee Retirement Income Security Act, ERISA, according to 28 U.S.C. § 1441(b) or (c). In addition, Defendant sought this Court to assert pendent jurisdiction over Count I, arguing that Count I arose from the same nucleus of operative fact as that of Count II. Plaintiff then filed a motion to remand the action to state court. In an Order and Memorandum dated August 25, 1988, 703 F.Supp. 788, this Court denied Plaintiff's motion to remand, finding that Count II, "... not only `relates to' an employee benefit plan, but is actually covered by ERISA, (and) ... is, therefore, preempted." This Court further found that Count I was properly before the Court pursuant to its pendent jurisdiction due to the separate and independent nature of Count I.

A. Defendant's Motion for Summary Judgment on Count I

For the purposes of this motion, the relevant facts are as follows. Defendant, a closely-held corporation, "permanently laid off" plaintiff from his employment with Defendant on March 13, 1987. On March 25, 1987, Plaintiff sought a service letter from Defendant, "... setting forth the nature and character of (his) services, the dates of (his) employment and the true cause of (his) discharge, in accordance with § 290.140 R.S.Mo. (Supp.1984)." Defendant did not provide Plaintiff with such letter.
Defendant has moved for summary judgment on Count I contending that Plaintiff failed to state a cause of action, as § 290.140 R.S.Mo. applies only to corporations with seven (7) or more employees and that at the time Plaintiff's cause of action arose, Defendant was a corporation employing only six (6) employees.
In response, Plaintiff argues that it is entitled to relief as Defendant failed to comply with § 290.140 R.S.Mo., in that Defendant was a corporation employing seven (7) or more employees when the cause of action arose.
The Missouri Service Letter Statute, § 290.140 R.S.Mo. (Supp.1984), states, in pertinent part, that;
[w]henever any employee of any corporation doing business in this state and which employs seven or more employees, ... shall be discharged, ... requests in writing by certified mail, to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within 45 days after the receipt of such request, ... a service letter.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can, "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 1356-1357, 89 L.Ed.2d 538 (1986), Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, the non-moving party may not rest on the allegations in the pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e), See also, 10A C. Wright, A. *793 Miller and M. Kane, Federal Practice and Procedure, § 2739 (1983). Therefore, it is clear that the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts", Matsushita, 475 U.S. at 586, 106 S.Ct. at 1356, and "[w]here the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial'." Id.
In review of the affidavits, interrogatory answers, pleadings, all other file documents, and inferences from such information, this Court finds that Plaintiff did not fail to establish a genuine issue of material fact with regard to the number of employees employed by the Defendant at the time Plaintiff's cause of action arose.
Therefore, Defendant is not entitled to summary judgment on Count I as a matter of law as there remains a genuine issue of material fact. Accordingly, Defendant's motion for summary judgment on Count I of Plaintiff's First Amended Complaint will be denied.

B. Defendant's Motion for Partial Summary Judgment on Count II

For the purposes of this motion, the relevant facts are as follows. Plaintiff was covered by Defendant's medical insurance plan while employed with Defendant. Upon termination of Plaintiff's employment, Defendant maintained insurance coverage for Plaintiff in exchange for Plaintiff's payment of insurance premiums to Defendant. After negotiating Plaintiff's first payment, Defendant was informed by its insurance carrier that Plaintiff's coverage could no longer be extended since Plaintiff no longer worked for Defendant. Defendant did not advise Plaintiff of the insurance coverage termination, whereafter, Plaintiff and Plaintiff's family incurred medical bills. After being informed of the matter, Defendant returned the seven (7) unnegotiated premium checks to the Plaintiff and paid in full all medical bills incurred by Plaintiff and his family.
Defendant has moved for partial summary judgment on Count II of Plaintiff's First Amended Complaint, seeking relief from Count II damages claims alleging that punitive and extra-contractual damages are not appropriate relief under ERISA, 29 U.S.C. § 1001 et seq. Plaintiff has made no response in opposition to Defendant's motion for partial summary judgment.
ERISA, § 409(a), 29 U.S.C. § 1109(a), outlines the potential liability of a fiduciary who breaches any of the duties or obligations imposed by the statute. ERISA, § 502(a)(2), 29 U.S.C. § 1132(a)(2) authorizes "... a participant, beneficary or fiduciary [to bring a civil action] for appropriate relief under § 1109". In Massachuetts Mutual Life Insurance Company v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court held that § 409(a) provided neither express nor implied authority for an award of punitive damages to a plan beneficiary. Id. at 144-148, 105 S.Ct. at 3091-3094. The Court noted, however, that it did not address whether punitive damages are authorized by any other section of ERISA. Id. at 139, n. 5, 105 S.Ct. at 3089, n. 5.
Defendant asserts that, "... [s]ince Russell, supra, appellate courts have unanimously concluded that punitive damages are simply not available in an ERISA action regardless of the ERISA provision serving as the basis for the suit ...", citing Dependahl v. Falstaff Brewing Co., 653 F.2d 1208 (8th Cir.1981). This assertion is not completely accurate. Not cited by any of the parties, this Court is aware of a recent decision in James Dooley Associates Employees Retirement Plan v. Reynolds, 654 F.Supp. 457 (E.D.Mo.1987), which held that punitive damages might be recoverable under ERISA for violations of fiduciary duties by a plans administrator. It appears, however, that Dooley has been reversed by the recent Supreme Court decision in Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The Court discussed the recoverable remedies under ERISA and stated that,
[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme *794 would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law the Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." Russell, supra, at 146, 105 S.Ct. at 3090. (emphasis in original).
The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive. Pilot Life, 107 S.Ct. at 1556-1557.
Similarly, Defendant points out that Plaintiff's demand for actual damages, characterized as damages connected with "great humiliation, embarrassment, damaged reputation, emotional distress, mental anguish and fear and concern", are extra-contractual damages and as such are not provided for in ERISA's civil enforcement provisions. § 502(a), 29 U.S.C. § 1132(a), See also, Pilot Life, supra.
As previously stated, the standard for summary judgment review is based on the moving party's ability to show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). See also, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).
It is clear from the above that Defendant has met its burden with respect to establishing that there exists no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. Since Plaintiff has made no response to Defendant's motion, this Court finds that it has failed to establish that there still exists a genuine issue of material fact. Accordingly, Defendant's motion for partial summary judgment on Count II of Plaintiff's First Amended Complaint will be granted.

C. Defendant's Motion Opposing Plaintiff's Request For Jury Trial on Count II

For the purposes of this motion, the relevant facts are as follows. On April 4, 1988, Defendant affirmed that the present action was set for non-jury disposition in state court prior to its removal to this Court. On the same day Defendant sought, in accordance with Rule 81(c) of the Federal Rules of Civil Procedure, that Plaintiff demand a jury trial or waive same. On August 24, 1988, Plaintiff made a jury trial demand after the August 12, 1988 non-jury docketing of the present case. Defendant has moved in opposition to Plaintiff's request for jury trial on Count II contending that Plaintiff is not entitled to a jury trial for Count II issues arising pursuant to ERISA, 29 U.S.C. § 1001 et seq. Defendant argue that it has been made clear in this Circuit there is no right to a jury trial in actions premised on a breach of fiduciary duty under ERISA, 29 U.S.C. § 1001, et seq., as such actions are equitable in nature. In re Vorpahl et al., 695 F.2d 318 (8th Cir.1982), citing Wardle v. Central States, Southeast and Southwest Areas Pension Fund, 627 F.2d 820 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).
Plaintiff, in opposition, offers nothing further than stating that his request for a jury trial is proper since both Counts I and II provide for jury trials.
Although the Vorpahl court addressed issues of pension benefits entitlement, many courts refer to its holding as authority to support a refusal to grant a jury trial for a breach of duty by a pension plan administrator. Hechenberger v. Western Electric Company, Inc. et al., 570 F.Supp. 820 (E.D.Mo.1983), Burud v. Acme Electric Company, Inc., 591 F.Supp. 238 (D.Alaska 1984).
This Court is in agreement with the Vorpahl and Wardle courts' rationale that, "Congress' scheme in the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable", Wardle v. Central States, Southeast and Southwest Areas Pension Fund, *795 627 F.2d 820, 829 (7th Cir.1980), as it pertains to a breach of fiduciary duty by a plan administrator.
Therefore, this Court finds that a jury trial for an alleged breach of a fiduciary duty by a plan administrator is not provided for in the ERISA scheme. Accordingly, Defendant's motion in opposition to Plaintiffs request for jury trial on Count II will be granted.

D. Defendant's Motion to Strike Plaintiff's Attempt to Respond to Defendant's Reply Brief in Support of Its Motion For Summary Judgment

For the purposes of this motion, the relevant facts are as follows. Plaintiff submitted correspondence with this Court date September 15, 1988, informing the Court of its objections to Defendant's Memorandum in Opposition to Plaintiff's Motions to Compel and Defendants Reply to Plaintiff's Memorandum on Law in Opposition to Defendant's Motion for Summary Judgement.
Defendant has moved to strike Plaintiff's correspondence with this Court arguing that the Plaintiff, "attempted to circumvent Local Rule 7(B)," by filing a brief with the Court without the Courts permission or order.
Local Rule 7(B) states that, "[w]ithin five days after being served with the brief for the party opposing the motion, the moving party may, at that party's option, serve and file a reply brief. Additional briefs may be filed by either party only upon order of Court."
Plaintiff's counsel has submitted correspondence with this Court and having so provided a copy of such correspondence to Defendant's counsel, has complied with Local Rule 35, which states, in pertinent part, "[a]ttorneys shall not communicate in writing with the Court concerning any pending case unless copies of the writing are served on all attorneys for all other parties in the case." Having complied with Local Rule 35, this Court is convinced that Plaintiff's counsel has not violated Local Rule 7(B).
Accordingly, Defendant's motion to strike will be denied.

E. Plaintiff's Motion to Compel Answers to Interrogatories 1, 2 and 4 and Motion to Compel Defendant to Produce Documents Pursuant to Plaintiff's First Request for Production of Documents Directed to Defendant Numbers 2 and 3

This matter is before the Court upon Plaintiff's motion to compel production of documents and compel answers to interrogatories.
Local Rule 7(C) states, in pertinent part; ... [this] Court shall not, except for good cause, hear or consider any [discovery] motion unless counsel for the movant shall first advise the Court in writing that said counsel has conferred with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve differences have been made counsel are unable to reach an accord. This written statement shall recite, in addition to the foregoing, the date, time and manner of such conference, and the names of the individuals participating therein or shall state with specificity the efforts made to confer with opposing counsel with respect to any such motion. (emphasis added).
Plaintiff's counsel has not complied with Local Rule 7(C) as reference to his July 8, 1988 letter to Defendant's counsel simply fails to satisfy the clear mandate of the Rule.
Rule 7(C) was designed with a specific purpose in mind. Attorneys are expected to do all that is within their power to work out discovery problems between themselves. Only after all attempts have failed should the Court become involved.
Consequently, this Court need not reach the merits of Plaintiff's motion, since Local Rule 7(C) has been disregarded.
*796 Accordingly, Plaintiff's motion to compel answers to interrogatories 1, 2 and 4 and Plaintiff's motion to compel Defendant to produce documents pursuant to Plaintiff's First Request for Production of Documents Directed to Defendant Numbers 2 and 3 will be denied.

ORDER
A memorandum dated this date is hereby incorporated into and made part of this order.
IT IS HEREBY ORDERED that Defendant's motion for summary judgment on Count I of Plaintiff's First Amended Complaint is denied.
IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment on Count II of Plaintiff's First Amended Complaint is granted.
IT IS FURTHER ORDERED that Defendant's motion in opposition to Plaintiff's request for jury trial on Count II of Plaintiff's First Amended Complaint is granted.
IT IS FURTHER ORDERED that Defendant's motion to strike Plaintiff's attempt to respond to Defendant's reply brief in support of its motion for summary judgment is denied.
IT IS FURTHER ORDERED that Plaintiff's motion to compel Defendant to produce documents pursuant to Plaintiff's First Request for Production Directed to Defendant Numbers 2 and 3 and that Plaintiff's motion to compel answers to interrogatories 1, 2 and 4 of the First Interrogatories Directed to Defendant is denied.