UTILCORP UNITED INC., for the Benefit of and as Fiduciary for UTILICORP UNITED INC. EMPLOYEE BENEFIT PLANS MASTER TRUST, Plaintiff,

v.

KEMPER FINANCIAL SERVICES, INC., Defendant.

No. 88–0129–CV–W–1.

United States District Court, W.D. Missouri, W.D.

April 11, 1989.

---

James Borthwick, William H. Sanders, Terence J. Thum, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

Richard F. Adams, Slagle & Bernard, Kansas City, Mo., Joan M. Hall, Barbara S. Steiner, Susan Theiss, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDERS

WHIPPLE, District Judge.

### I.

This case pends on defendant's (1) motion for summary judgment and (2) motion to strike plaintiff's punitive damages claim and jury demand. We have reviewed and carefully considered the parties' suggestions in support and in opposition to the pending motions. For the reasons to follow, we find and conclude that defendant's motion for summary judgment and motion to strike plaintiff's jury demand should be denied and defendant's motion to strike plaintiff's punitive damages claim should be granted.

### II. Background [1]

Plaintiff, on behalf of the Utilicorp United Inc. Employee Plans Master Trust (Utilicorp Trust), has filed this action against defendant pursuant to § 502(a)(2) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(2), claiming that defendant breached its fiduciary duty, allegedly owed to Utilicorp. Plaintiff's second amended complaint (complaint) alleges that from 1975 through December 1987, Kemper acted as investment manager for a portion of the assets in the Utilicorp Trust. In October 1986, Kemper invested a portion of the Utilicorp Trust assets under Kemper's control in a commingled joint investment fund known as the "Master Investment Trust for Employee Benefit Trusts (JIA)." Plaintiff alleges and defendant concedes that as to those assets, Kemper was a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

---

1. This Court will only set forth those facts necessary to rule the pending motions.

Plaintiff's complaint further alleges that in order to effect the participation of the Utilicorp Trust in the JIA, Kemper, as Utilicorp's investment manager, instructed the trustee of the Utilicorp Trust to execute a "Memorandum of Agreement of Participation in Master Investment Trust for Employee Benefit Trusts." Each signatory of the Memorandum of Agreement agreed to be bound by the "Plan and Declaration of Trust" which is attached to the Memorandum Agreement (both agreements are hereafter referred to as JIA Agreement).

Both parties concede that the JIA Agreement prescribes how the JIA is to be administered. That agreement, *inter alia,* requires participating trusts such as the Utilicorp Trust to "specifying in writing the amount to be withdrawn [from the JIA]." It further prescribes that:

All withdrawals shall be made on the basis of a [JIA] valuation as of the close of business on the effective date of the withdrawal and shall be paid within a reasonable time thereafter. The Trustee may require up to ten business days notice prior to effecting any withdrawal. No withdrawals other than in cash may be made except in the Trustee's discretion.

Plaintiff's complaint claims that Kemper breached its fiduciary duty by failing to timely liquidate $8 million of Utilicorp's assets which Kemper then managed under the JIA as allegedly instructed by plaintiff on October 14, 1987. Plaintiff asserts that Kemper's untimely execution of the requested transaction until shortly after the notorious October 19, 1987 stockmarket crash and the subsequent alleged misrepresentations by Kemper as to what transpired constitutes a breach of Kemper's fiduciary duty to the Utilicorp Trust which resulted in substantial losses for the Trust.

Plaintiff's complaint prays, *inter alia,* for actual damages in the amount of $1.8 million and for punitive damages in the amount of $10 million.

## III. Motion for Summary Judgment

### A.

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Because several questions of material fact exist with regard to whether defendant satisfied the prudent man's standard of care in its handling of plaintiff's withdrawal request and because the defendant is not entitled to judgment as a matter of law, we believe defendant's motion for summary judgment should be denied.

### B.

Defendant contends in support of its motion for summary judgment that "even if this Court accepts as true Utilicorp's assertions that, on October 14, 1987, Kemper was requested to effectuate the immediate release of $8 million of Utilicorp Trust's assets from the JIA equity account, that Kemper did not do so until October 20 through 22, and that Kemper misrepresented that the assets had been withdrawn on or before October 19, 1987, Kemper still is entitled to summary judgment based upon the plain language of the Master Trust (JIA agreement)." For plaintiff contends that the "Master Trust provides that Kemper had up to ten business days in which to effect a written withdrawal request, and that the withdrawn assets were to be paid within a reasonable time thereafter.... Since Kemper acted in accordance with the terms of the controlling trust document, its motion for summary judgment should be granted." [2] We disagree.

■ The plain language of 29 U.S.C. § 1104(a)(1), which prescribes the duties of a fiduciary under ERISA, contravenes the

2. For the purposes of ruling this motion for summary judgment only, we assume that the withdrawal provision of the JIA agreement is applicable under the circumstances of this case and that defendant complied with that withdrawal provision.

essential premise of defendant's argument, that Kemper by adhering to the provisions of the JIA agreement *ipso facto* satisfied its fiduciary duties. Section 1104(a)(1) states in pertinent part, the following:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

. . . . .

(B) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; ... *and*

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter.

Section 1104(a) unequivocally requires the fiduciary both to (1) comport with the prudent man's standard of care under 29 U.S.C. § 1104(a)(1)(B) *and* (2) to act in accordance with any documents and instruments governing the plan under § 1104(a)(1)(D). We therefore conclude that although Kemper's compliance with the JIA agreement at issue is necessary to satisfy § 1104(a)'s prudent man standard of care, it is not sufficient.

Our construction of § 1104(a)(1) is supported by applicable case law. In *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), the Supreme Court confirmed that "trust documents cannot excuse trustees from their duties under ERISA...." *Id.* at 568, 105 S.Ct. at 2839. The Supreme Court explicated that "the manner in which trustee powers may be exercised is further defined in the [ERISA] statute through the

provision of strict standards of trustee conduct ... most prominently a standard of loyalty and a standard of care." *Id.* at 570–71, 105 S.Ct. at 2840 (citing § 1104(a)(1)(A) (loyalty) and § 1104(a)(1)(B) (care)).

The Supreme Court's decision in *Central States* makes clear that mere adherence to applicable plan documents under § 1104(a)(1)(D) is not sufficient to satisfy the standards of care and loyalty set forth in § 1104(a)(1)(A) and (B). Consistent with *Central States* and the express language of § 1104(a), the Court in *Dardaganis v. Grace Capital,* 664 F.Supp. 105, 108 (S.D. N.Y.1987) expressly stated that an investment manager, like defendant, who is a fiduciary under ERISA assumes "the obligation to manage the assets prudently and solely in the interest of plan participants. *See* 29 U.S.C. § 1104(a)(1)(A) and (B). It *also* assumed the statutory obligation to manage the assets 'in accordance with the documents and instruments governing the plan.' 29 U.S.C. § 1104(a)(1)(D)." [3]

In light of the express language of § 1104(a)(1) and the applicable case law, we find and conclude that even if we were to find that Kemper complied with the withdrawal provisions of the JIA, Kemper is not entitled to judgment as a matter of law.

■ Moreover, the suggestions in support and in opposition to defendant's motion for summary judgment and the exhibits attached thereto establish that genuine issues regarding material facts exist as to whether defendant's actions in response to plaintiff's withdrawal request comported with the requirements of § 1104(a)(1). We accordingly will enter an order denying defendant's motion for summary judgment.

## IV.

■ Defendant also moves that this Court strike plaintiff's jury trial demand. Defendant contends that:

---

**3.** The cases cited by defendant in its suggestions in support of the motion for summary judgment are inapposite. For those cases involved enforcement actions under § 1132(a)(1)(B) to "recover benefits under the terms of [an ERISA] plan." (emphasis added) Consistent with the express language of § 1132(a)(1)(B) those

courts have found that adherence with the terms of the plan document is dispositive. Defendant also cites *Leigh v. Engle,* 858 F.2d 361 (7th Cir.1988). That case simply does not address the question of law raised by defendant's motion for summary judgment.

[t]he statutory language and legislative history of section 502(a)(2) of ERISA demonstrate that Congress did not explicitly or implicitly provide for a trial by jury of claims brought pursuant to section 502(a)(2). Nor does the Seventh Amendment's guarantee of a jury trial extend to actions brought under section 502(a)(2), because actions brought pursuant to that section are equitable in nature.

In support of its motion defendant cites a plethora of cases which have in fact held that plaintiff's suing under section 502(a)(2) of ERISA do not have a right to jury trial. *See, e.g., Bigger v. American Commercial Lines Inc.*, 652 F.Supp. 123, 128 (W.D.Mo. 1986); *Rausch v. Damon*, 1984 WL 3648 (W.D. Mo.1984), slip op. at 8; *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421, 431 (E.D.Mo.1984), *affirmed* 780 F.2d 20 (8th Cir.1985); *Kahnke v. Herter*, 579 F.Supp. 1523, 1528 (D.Minn.1984); *Burud v. Acme Electric Co., Inc.*, 591 F.Supp. 238, 248 n. 9 (D.Alaska 1984). Those courts have found that a breach of fiduciary duty action is equitable in nature and that neither sources of the right to a jury trial, the Seventh Amendment or congressional intent, provide a right to a jury trial in ERISA actions brought under Section 502(a)(2).

In its suggestions in opposition, plaintiff contends that "[b]ecause the nature of both the claims (wrongful delay and misrepresentation of material facts) and remedies (actual and punitive damages) are traditionally legal in nature, Utilicorp is entitled to a jury trial." Plaintiff, like defendant, cites a plethora of cases which have in fact found that a right to a jury trial under ERISA exists when actual damages are sought by a plan or fiduciary as a result of fiduciary misconduct. *See, e.g., Abbarno v. Carborundum Company*, 682 F.Supp.

179, 181 (W.D.N.Y.1988); *UAW v. Park-Ohio Industries, Inc.*, 661 F.Supp. 1281, 1310 (N.D.Ohio 1987); *Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37, 39–41 (S.D.N.Y.1984); *Sixty Five Security Plan v. Blue Cross and Blue Shield of Greater New York*, 583 F.Supp. 380, 388–89 (S.D.N.Y.1984).

None of the cases cited by the parties are binding precedent for this Court. For neither party has cited, nor has this Court's independent inquiry uncovered, a United States Supreme Court or Eighth Circuit decision directly on point.[4] Although not binding on this Court, the cases cited by the parties provide compelling arguments in support and in opposition of plaintiff's right to jury trial under the circumstances of this case.

This Court, in the absence of binding precedent regarding this issue, believes that plaintiff's ERISA action should appropriately be tried to a jury. For we believe that in questionable cases such as the instant case, the strong federal policy favoring jury trials is controlling. *See, e.g., Bower v. Bunker Hill Co.*, 675 F.Supp. 1254, 1262 (E.D.Wash.1986) ("the strong federal policy favoring jury trials provides impetus for finding the right to a jury trial in questionable cases); *see also,* C. Wright & A. Miller, *Federal Practice and Procedure* § 2302 at 17. We will therefore enter an order denying defendant's motion to strike plaintiff's jury demand.

## V.

Defendant also moves that this Court strike plaintiff's $10 million punitive damages claim.[5] Defendant argues that "because punitive damages are not explicitly or implicitly authorized under ERISA's civil enforcement provisions, Utilicorp's claim should be stricken." We agree.

---

**4.** The Eighth Circuit has expressly found that no right to a jury trial exists in ERISA actions brought under Section 502(a)(1)(B). *In re Vorpahl*, 695 F.2d 318 (8th Cir.1982). The Eighth Circuit's decision in *Vorpahl* makes clear, however, that it was deciding only the propriety of a jury trial in a Section 502(a)(1)(B) ERISA action. That Court did not expressly or implicitly

state that *all* ERISA actions may not be appropriately tried to a jury.

**5.** Plaintiff seeks punitive damages under section 409(a) of ERISA, 29 U.S.C. § 1109(a) which provides that anyone who breaches a fiduciary duty to a plan "shall be subject to such other equitable or remedial relief as the court may deem appropriate...."

In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 148, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985), the Supreme Court held that an *individual* beneficiary cannot recover extra contractual damages, either compensatory or punitive, under Section 409(a). The Supreme Court, however, expressly left open the issue with which we are presented: whether a *plan* can recover punitive damages under Section 409(a) from a fiduciary for breach of fiduciary duty. *Id.* at 144 n. 12, 105 S.Ct. at 3091 n. 12.

Since *Russell,* the clear weight of authority has precluded a plaintiff from recovering punitive damages on behalf of a *plan* for a breach of fiduciary duty under Section 409(a) of ERISA. *See, e.g., Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1462–64 (5th Cir.1986), *cert. denied,* 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987); *Leigh v. Engle,* 669 F.Supp. 1390, 1413 (N.D.Ill.1987), *aff'd,* 858 F.2d 361 (7th Cir.1988); *Bigger v. American Commercial Lines, Inc.,* 652 F.Supp. 123, 128 (W.D.Mo.1986).[6] For example, the Fifth Circuit in *Sommers* after a thorough analysis expressly found that "the language and legislative history of ERISA § 409(a) persuades us that Congress did not intend to permit plans to recover punitive damages under that section against fiduciaries for breach of their fiduciary duty." 793 F.2d at 1464.

We agree with and adopt the compelling analysis and holding of *Sommers* (*id.* at 1462–64) and find and conclude that plaintiff may not recover punitive damages under ERISA § 409(a). *See also Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208, 1216 (8th Cir.) (dictum that punitive damages are not available under ERISA), *cert. denied,* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). We will accordingly enter an order granting defendant's motion to strike plaintiff's punitive damages claim.

**6.** To the extent this Court's holding is inconsistent with the decisions in *Schoenholtz v. Doniger,* 657 F.Supp. 899, 913–16 (S.D.N.Y.1987) and *James A. Dooley Associates Employees Plan v.*

## VI.

For the reasons stated above, it is

ORDERED:

(1) That defendant's motion for summary judgment should be and is hereby denied;

(2) That defendant's motion to strike plaintiff's jury demand should be and is hereby denied;

(3) That defendant's motion to strike plaintiff's punitive damages claim should be and is hereby granted.

*Reynolds,* 654 F.Supp. 457, 461 (E.D.Mo.1987), which plaintiff relies upon, we respectfully disagree for the reasons stated in this opinion.