763 F.Supp. 1023 (1991)
Barry W. POWELL, Plaintiff,
v.
BOB DOWNES CHRYSLER-PLYMOUTH, INC., and Group Health Plan, Inc., Defendants.
No. 90-226 C(2).
United States District Court, E.D. Missouri, E.D.
April 8, 1991.
*1024 Dempster K. Holland, St. Louis, Mo., for Barry W. Powell.
McMahon, Berger, Hanna, Linihan, Cody & McCarthy, James N. Foster, Jr., John B. Renick, St. Louis, Mo., for Bob Downes Chrysler.
John S. Sandberg, John P. Jacoby, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for Group Health Plan.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on the motion of defendant Bob Downes Chrysler-Plymouth, Inc. (Bob Downes) for partial summary judgment directed at plaintiff's first amended complaint, on the motion of plaintiff to amend complaint, and on the motion of Marilyn Powell to join as additional party plaintiff.
This action arises out of the April 26, 1989, termination of plaintiff's employment as a car salesman for Bob Downes. In his complaint plaintiff alleges that as a fringe benefit of his employment he received health insurance through Group Health Plan, Inc. (GHP). Plaintiff further alleges that he was not informed of his right to continuation coverage of the health insurance, that he suffered heart attack symptoms on June 10, 1989, and that he "obtained no treatment for same because of the dreaded costs therefore." Finally, plaintiff alleges that he suffered an acute *1025 myocardial infarction on June 14, 1989, the effect of which would have been minimized had plaintiff sought medical treatment on June 10, 1989. Incorporated as part of the complaint was a letter from plaintiff's physician stating that plaintiff said he did not seek earlier medical attention because of the lack of insurance.
Based on these allegations, plaintiff filed suit in the Circuit Court of St. Louis County, Missouri. That petition was in six counts. As to Bob Downes, plaintiff sought relief under Title VII for wrongful discharge based on religious discrimination (Count I); for a COBRA[1] violation based on the failure to give plaintiff the option of continuing group insurance (Count II); for fraudulent omission as to the possibility of continued group insurance (Count III); for invasion of privacy (Count V); and for breach of contract as to commissions (Counts VI and VII). Additionally, plaintiff sought relief from both Bob Downes and Group Health Insurance (GHP) for breach of contract (Count IV). Punitive damages are included in the prayers for Counts III and V. Bob Downes removed the case to this Court on the ground that plaintiff's claim under Title VII, 42 U.S.C. § 2000e and his claim under COBRA give this Court subject matter jurisdiction over the action. Bob Downes then filed a motion for partial summary judgment or, in the alternative, motion to dismiss for failure to state a claim upon which relief can be granted. This motion was directed to Counts I and V of the original complaint.
In response to Bob Downes's motion, plaintiff sought leave to file a first amended complaint. Attached to plaintiff's motion was a proposed first amended complaint. The claims asserted in this proposed first amended complaint were basically the same as in the original except that plaintiff withdrew the count entitled invasion of privacy and substituted a count for prima facie tort. The two claims, however, were both based on the same underlying fact that an agent of Bob Downes informed plaintiff's subsequent employer that plaintiff had previously been convicted of a felony. The Court granted leave to amend and consequently denied the motion for partial summary judgment. (Memorandum and Order August 6, 1990).
The proposed first amended complaint that was submitted with the motion for leave to amend, however, was not signed and could not be filed. Subsequent to the Court's order, plaintiff retained new counsel. That counsel filed a first amended complaint that differed in several aspects from the proposed first amended complaint submitted with the motion to amend. Specifically, the first amended complaint that was filed added a claim of negligence per se based on the alleged COBRA violation; a claim of negligent misrepresentation as to plaintiff's options as to insurance coverage; and a second breach of contract claim arising from commissions plaintiff had not received. All the counts in the proposed amended complaint were represented in the amended complaint that was filed although there were some changes within the various counts.[2] Bob Downes's current motion for partial summary judgment is directed against five counts in the first amended complaint.
Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). When presented with such a motion, this *1026 Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Bob Downes seeks summary judgment as to Count III, negligence per se; Count IV, fraudulent omission; and Count V, negligent misrepresentation, on the ground that these are preempted by Count II wherein plaintiff seeks relief under COBRA.
Count III consists of five paragraphs. The first paragraph adopts the common facts set out in the beginning of the complaint. The second and third paragraphs refer directly to plaintiff's COBRA claim. In these paragraphs plaintiff alleges that he is within the class of persons intended to be protected by the statute and the damages he sustained were the type the statute meant to prevent. In the next paragraph plaintiff seeks to provide support for a punitive damage claim in that he alleges defendants' acts in violation of COBRA were willful, wanton and malicious. The final paragraph is plaintiff's prayer. Thus, the basis of this claim of negligence per se is the alleged violation of COBRA.
In Count IV plaintiff also relies almost solely on the violation of COBRA to support his claim. In this count plaintiff alleges that he relied on the insurance information given him by Bob Downes. He then again alleges that Bob Downes's violation of COBRA was willful, wanton and malicious in support of a prayer for punitive damages. In other words, in this count plaintiff is alleging that because of the COBRA violation he was misled.
At the onset, the Court notes that plaintiff agrees that state causes of action are preempted by ERISA. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Plaintiff, however, argues that these claims are federal common law claims and, thus, are not preempted. The Court finds that these counts do not present the issue of whether there are federal common law causes of action for negligence per se or fraudulent omission in the context of employee benefit cases because they do not represent claims that are separate and distinct from the COBRA claim presented in Count II of the first amended complaint.
As illustrated above, Counts III and IV are repetitive and serve only as a means for plaintiff to seek punitive damages. Punitive damages are not explicitly listed as an available remedy under ERISA.[3] In determining whether such relief is available under the statute, various courts have reached different results. For example, in an early case in this district, Judge Nangle held that punitive damages were available in an action brought by a plan beneficiary pursuant to 29 U.S.C. § 1104, which provides that a fiduciary shall discharge his duties solely in the interest of plan participants with the purpose of providing benefits to them. James A. Dooley Assoc. Employees Retirement Plan v. Reynolds, 654 F.Supp. 457 (E.D.Mo.1987). This holding was based, in part, on the reasoning that punitive damages might be necessary to deter breaches of the fiduciary duties set out in § 1104. Id. at 461. After Dooley was issued, the Supreme Court issued its opinion in Pilot Life, an action brought pursuant to 29 U.S.C. § 1109, the section dealing with the fiduciary's duties to the plan itself. Although dealing primarily with the issue of preemption, the Supreme Court did discuss the availability of extracontractual *1027 remedies. Pilot Life, 481 U.S. at 53-54, 107 S.Ct. at 1556. In this context, the Supreme Court stated: "we declined to find an implied cause of action for punitive damages in that section [1109], noting that `"[t]he presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement"'" (citations omitted). Id., 481 U.S. at 54, 107 S.Ct. at 1556. See, also, Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (no punitive damages are available to a plan beneficiary under § 1109). Noting the holding in Pilot Life, the late Judge Meredith of this district held that Dooley appeared to be reversed and that punitive and other extra-contractual damages were not available in an action under § 1109(a). Browning v. Grote Meat Co., 703 F.Supp. 790, 793-94 (E.D.Mo.1988). More recently, a court in the Western District of Missouri discussed this issue extensively and held that punitive damages were not available in an action under § 1109. Utilicorp United Inc. v. Kemper Fin. Servs., Inc., 741 F.Supp. 1363, 1367-68 (W.D.Mo.1989).
Count II of plaintiff's first amended complaint is brought pursuant to 29 U.S.C. § 1161. The cases discussed above deal with the issue of punitive damages for the breach of fiduciary duties to the benefits plan, § 1109, or its beneficiaries, § 1104, the reasoning employed in these cases, however, is as applicable to an action under § 1161. Based on that reasoning the Court cannot find that Congress "simply forgot to incorporate expressly" punitive damages as a remedy for a COBRA violation. Browning, 703 F.Supp. at 794, quoting Russell, 473 U.S. at 146, 105 S.Ct. at 3092. To allow a plaintiff to reassert the same basis for relief under a different heading would circumvent the congressional purpose as manifested in the ERISA statutes. For these reasons, the motion will be granted as to Counts III and IV. Although this is before the Court on a motion for summary judgment, the dismissal of these claims is based not on a review of the merits but rather because they are preempted by ERISA.
In Count V, unlike in Counts III and IV, plaintiff relies on additional facts to support a different theory for relief. In this count he asserts that Bob Downes on May 1, 1989, erroneously told him he had to make an immediate decision as to continuing his insurance. The allegations which form the basis of this claim differ from those which form the basis of Counts II, III and IV. Confronted with a claim that is asserting a breach of a fiduciary duty, courts have allowed the claim to stand, not as a separate cause of action, but on the ground that the claim is under ERISA. See Board of Trustees of Cedar Rapids Pediatric Clinic, P.A., Pension Plan v. Continental Assurs. Co., 690 F.Supp. 792 (W.D.Ark.1988). The Court finds the reasoning of these cases persuasive in the context of Count V in that plaintiff's allegations assert a breach of fiduciary duty to a plan beneficiary under 29 U.S.C. § 1104. The Court will, therefore, allow this count to remain on the ground that it states a claim under ERISA. Defendant, however, continues to object to plaintiff's prayer for punitive damages. For the reasons given above, those portions of the claim related to punitive damages will be dismissed.
Bob Downes has also moved for summary judgment on Count VII of the first amended complaint. In this count plaintiff asserts a claim of prima facie tort. In his opposition to the motion for summary judgment, plaintiff states that he "withdraws Count VII, without prejudice, and reserves the right to seek leave of court to refile, if further research indicates that the facts underlying Count VII warrant such re-filing." Both defendants had already filed answers to plaintiff's first amended complaint, thus, plaintiff cannot dismiss the claim without the consent of the parties or an order from the Court. Fed.R.Civ.P. 41(a). The Court, therefore, construes plaintiff's "dismissal" as a motion for leave to dismiss without prejudice which, after careful review, the Court will grant. Under the circumstances, the motion for summary *1028 judgment will be denied as moot as to this count.
Finally, Bob Downes has moved for summary judgment as to Count IX of the first amended complaint. Count IX is titled "Breach of Contract-Additional Commissions" and is based upon the assertion that because plaintiff was terminated before the end of the month he was foreclosed from selling enough cars that month to qualify for additional commission. In support of the motion Bob Downes argues that this count just states another element of damages from the discharge. Plaintiff, in his response to the motion agrees and has moved to amend Count I to include this element of damages. Under the circumstances, the Court interprets plaintiff's motion to amend as including a motion for leave to dismiss Count IX without prejudice which the Court will grant. Consequently, the motion for summary judgment as to Count IX will be denied as moot.
Plaintiff has filed a motion to amend complaint. By this motion he seeks to amend Counts I and II and to add a Count X. The Court has already discussed the amendment to Count I, to which Bob Downes has not objected. Plaintiff, however, has not provided a proposed amendment for the Court to review. Therefore, plaintiff will be given fifteen days to submit a proposed amendment for this count.
In Count II plaintiff seeks relief under COBRA. He has submitted a copy of the proposed changes to Count II. These changes are a listing of the specifics of how plaintiff has been injured[4] and a change in the prayer from $15,000.00 to $1,000,000.00. Bob Downes has objected to this amendment on the ground that the proposed amendment goes beyond the relief available under ERISA to include a tort like remedy. As discussed above, punitive and extra-contractual relief are not available under ERISA. In support of his motion, however, plaintiff explained the basis of the original prayer by stating: "When this cause was filed in state court the Missouri Statute forbidding the statement of damages in excess of $15,000 governed."[5] To the extent plaintiff seeks to amend his prayer to accurately reflect the damages he is entitled to recover, an amendment will be allowed. Plaintiff's proposed amended prayer, however, appears to be seeking extra-contractual compensatory damages beyond that recoverable under ERISA. Under the circumstances, the Court will give plaintiff fifteen days to submit a proposed amended Count II reflecting the relief the Court has found to be available under ERISA.
The final portion of plaintiff's motion to amend relates to a new count. Plaintiff seeks to add a count for breach of fiduciary duty under ERISA Section 404, 29 U.S.C. § 1104. Such a claim is available to the plaintiff under ERISA. Plaintiff, however, seeks to recover extra-contractual and punitive damages in this count. For the reasons discussed above, the Court will allow plaintiff to add a claim under § 1104 but will not allow plaintiff to seek extra-contractual damages in that claim. The proposed amendment submitted by plaintiff contains extra-contractual damages; therefore, plaintiff will be given fifteen days to submit a new proposed Count X in which he seeks only those damages allowed under ERISA.
The last motion before the Court is the motion of Marilyn Powell to join as a party plaintiff. The basis of her claim is loss of consortium resulting from the injury suffered by plaintiff. In support of her claim for relief, Marilyn Powell incorporates by reference "each and every allegation" in plaintiff's complaint.
Bob Downes opposes Marilyn Powell's motion on the ground that her claim is a state law claim and, thus, preempted by ERISA. In response Marilyn Powell argues that she is not a plan participant or beneficiary and, therefore, not a plaintiff under ERISA. She reasons that since she is not a plaintiff under ERISA her claim *1029 cannot be preempted. In support she relies on Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821 (1st Cir.1988). In that case the court did state that the plaintiff's wife "is not a person for whom ERISA provides a remedy." Id. at 826. That court then further found that the wife's "claim does not relate to her husband's ERISA plan," and "to recover for emotional distress, [the wife] need not show anything at all about ERISA or the Plan." Id. These later findings limit the general applicability of the holding in Drinkwater. On the other hand, in a recent decision the United States Court of Appeals for the Tenth Circuit held that a wife's claims against the insurer of her late husband were preempted by ERISA. Settles v. Golden Rule Ins. Co., 927 F.2d 505 (10th Cir.1991). In Settles the wife brought claims for breach of contract, the tort of outrage, fraudulent denial of insurance coverage, and wrongful death alleging that as a direct consequence of the termination of his insurance her husband suffered a heart attack and died. The court found that the wife's claims related to the husband's employee benefit plan and, therefore, were preempted by ERISA. Id. See also, Reilly v. Blue Cross & Blue Shield United, 846 F.2d 416, 425 (7th Cir.1988) (affirming, although this issue was not raised on appeal, the ruling of the district court that loss of consortium is preempted by ERISA).
This Court agrees with the Powells that ERISA is not directed at third parties who might be affected by an action as to a plan participant or beneficiary. However, in this case the Court cannot find that Marilyn Powell's loss of consortium claim does not relate to the ERISA plan at issue.[6] As her claim is stated, she could not recover without reference to COBRA and its regulation of continuing insurance. Thus, the situation in Drinkwater is not present in this case. In this case, as in the Settles case, ERISA is directly implicated, and the Court finds that Marilyn Powell's claim for loss of consortium would be preempted. Therefore, the motion to join as additional party plaintiff will be denied.
In summary, the Court will grant Bob Downes's motion for summary judgment as to Counts III and IV, and, on plaintiff's motions, Counts VII and IX will be dismissed. Additionally, the Court will strike the prayer for punitive damages from Count V. Plaintiff will be granted fifteen days to submit a proposed second amended complaint as to Counts I, II and X which complies with this memorandum and order. This second amended complaint should also reflect the other changes mandated by this memorandum and order. Upon receipt of this second amended complaint the Court will grant plaintiff's motion to amend. Finally, the Court will deny Marilyn Powell's motion to join as a party plaintiff. An appropriate order will accompany this memorandum and order.
Accordingly,
IT IS HEREBY ORDERED that the motion of Bob Downes Chrysler-Plymouth, Inc. for summary judgment is GRANTED in part as to Counts III and IV of plaintiff's first amended complaint and as to plaintiff's prayer for punitive damages in Count V of the first amended complaint, DENIED as moot as to Counts VII and IX, and DENIED in all other respects.
IT IS FURTHER ORDERED that plaintiff's motions for leave to dismiss Count VII and IX of the first amended complaint without prejudice are GRANTED.
IT IS FURTHER ORDERED that plaintiff's motion for leave to amend complaint is STAYED for fifteen days for plaintiff to file a proposed second amended complaint in compliance with this memorandum and order.
IT IS FURTHER ORDERED that the motion of Marilyn Powell to join as party plaintiff is DENIED.
NOTES
[1] COBRA is the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). It provides: "... that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled ... to elect ... continuation coverage under the plan." 29 U.S.C. § 1161(a).
[2] Count I of the first amended complaint is titled Religious Discrimination Under Civil Rights Act of 1964; Count II is titled COBRA Violation; Count III is titled Negligence Per Se; Count IV is titled Fraudulent Omission; Count V is titled Negligent Misrepresentation; Count VI is titled Breach of ContractGHP Plan; Count VII is titled Prima Facie Tort; Count VIII is titled Breach of ContractCommissions; and, Count IX is titled Breach of ContractAdditional Commissions. Counts III and VI are directed against both Bob Downes and GHP. The other counts are directed only against Bob Downes. Punitive damages are sought in Counts III, IV, V, and VII.
[3] A plan participant or beneficiary may bring a civil action "for the relief provided for in subsection (c) of this section [the possibility of a $100 per day fine for the refusal to supply requested information], ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). A participant, beneficiary or fiduciary may also bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Finally, a civil action may be brought by a participant, beneficiary, fiduciary or the Secretary "for appropriate relief under section 1109 of this title [breach of fiduciary duty to the plan]." 29 U.S.C. § 1132(a)(2).
[4] In the first amended complaint plaintiff simply alleges: "That as a direct and proximate result of such COBRA violation, Powell has been damaged in excess of $15,000.00."
[5] The Court is not certain to what statute plaintiff is referring.
[6] The only additional allegations contained in Marilyn Powell's claim are the claims that she is plaintiff's wife, and that as a result of plaintiff's injuries she will be liable for medically related expenses, plaintiff will be less able to carry out his household duties, and she will be deprived of plaintiff's companionship and society.