Sondra L. ENGLAND, Plaintiff,

v.

**JOHN ALDEN LIFE INSURANCE CO., Defendant.**

No. 93–0084–CV–W–2.

United States District Court,
W.D. Missouri, W.D.

Jan. 21, 1994.

William G. Cownie, II, Collins & Cownie, Lee's Summit, MO, for plaintiff.

Keith A. Rabenberg, Gerald A. King, Armstrong, Teasdale, Schlafly & Davis, St. Louis, MO, for defendant.

## ORDER

GAITAN, District Judge.

### I. INTRODUCTION

In the above titled action, plaintiff brings a claim for health care payments under an Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, benefits plan. Plaintiff's husband, Earl Darling, was covered by a group health insurance plan issued by the defendant to Mr. Darling's employer. Coverage under this plan became effective on September 1, 1990.

In late 1990, Mr. Darling was diagnosed as having vascular disease and in 1991 underwent surgery twice for this condition. On both occasions his admission to the hospital was pre-certified in accordance with the health insurance plan. Defendant denied coverage for Mr. Darling's surgeries on the basis that his vascular disease was a pre-existing condition.

Mr. Darling died of a brain hemorrhage on June 21, 1991. Plaintiff brings this claim as the personal representative of Darling's estate. Pending before the court is plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether there exists a *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. *Sheline v. Dun & Bradstreet*, 948 F.2d 174, 176 (5th Cir.1991).

If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Factual disputes that are collateral to the substantive law will not preclude summary judgment. *See id.*

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient evidence such that a reasonable jury could return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510. When considering a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513. If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgement may be granted. *Id.* at 249–50, 106 S.Ct. at 2510–11.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552. If the moving party meets the requirement, the burden shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The trial judge then determines whether a trial is needed. "[W]hether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

## III. ANALYSIS

### A. Undisputed Facts

The facts in this case are undisputed. Earl Darling's coverage under the health insurance plan issued by defendant began on September 1, 1990. In November 1990, Mr. Darling saw his personal physician, Robert Cooper with complaints of claudication [1] which he referred to as a "charley horse" in his leg. Cooper referred Mr. Darling to a vascular surgeon, Charles Barbee, who diagnosed his condition as vascular disease.

---

1. Claudication is the medical term for muscle pain, usually in the legs, brought on by exertion.

In January and April 1991, Mr. Darling underwent surgery for his vascular disease. Both hospital admissions were certified by the defendant as required by the health insurance plan. In preparation for the January surgery, Dr. James Nanson, in his consultation notes wrote that Mr. Darling's claudication had begun nine months before. Because Mr. Darling's health insurance coverage under defendant's policy began on September 1, 1990, the first signs of claudication began prior to the effective date of the policy. Based on Nanson's notation regarding Mr. Darling's claudication symptoms, defendant denied coverage for Mr. Darling's surgeries due to a pre-existing condition limitation in the health insurance policy. The pre-existing condition limitation stated as follows:

A pre-existing condition is any illness or injury for which you received any diagnosis, medical advice or treatment or had taken any prescribed drug, or where distinct symptoms were evident, during the 12 months just before the effective date of your Major Medical coverage. Covered Medical Charges do not include any charges incurred in connection with a pre-existing condition, except those charges incurred after:

1. you have been insured for Major Medical coverage under this plan for 12 months in a row; or

2. you have had no medical advice, care or treatment, have had no distinct symptoms, and taken no prescribed drugs, for that condition for a period of 6 months in a row while insured for Major Medical coverage under this plan.

Because of the absence of a genuine dispute of material facts summary judgment is appropriate in this case. Therefore, the court will proceed to examine the arguments in support of plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

## B. Standard of Review for Denial of Benefits

This case involves a denial of benefits under an ERISA benefit plan. Consequently, this court may review the decision to deny benefits under a de novo standard of review.

*Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

## C. Plaintiff's Motion for Summary Judgment

Based on the foregoing facts, plaintiff sets forth five arguments for why summary judgment should be granted in her favor.

### 1. Trust Law

█ Plaintiff correctly states that principles of trust law are incorporated into ERISA. *See Firestone,* 489 U.S. at 111, 109 S.Ct. at 954. Plaintiff appears to argue that, pursuant to trust law principles, defendant breached its fiduciary duty to Mr. Darling by twice certifying his admission to the hospital and then denying coverage for charges incurred for these hospitalizations.

The court finds this argument unpersuasive. The pre-certification notices sent to Mr. Darling prior to both hospitalizations clearly state:

This certification does not guarantee payment of benefits under your John Alden Life group insurance plan. Benefits are subject to all terms and provisions as described in your certificate of group insurance.

Mr. Darling was notified that pre-certification did not guarantee that benefits would be paid. Consequently, plaintiff's claim that an alleged fiduciary duty was breached by defendant must fail.

### 2. Waiver and Estoppel

Plaintiff contends that defendant's failure to make prompt claim decisions prevented Mr. Darling from seeking alternative care at a less expensive facility. Plaintiff claims that defendant should be estopped from denying coverage of Mr. Darling's hospitalization costs because defendant did not refuse coverage until after the hospitalization.

█ Defendant asserts that a claim of estoppel and waiver must be denied because to allow such a claim would modify the written terms of the certificate of in-

surance, which is not allowed under ERISA. While the circuits are divided on the issue of whether principles of equitable estoppel may be applied to an ERISA claim, the Eighth Circuit has not yet decided this issue. *Slice v. Norway,* 978 F.2d 1045, 1047 (8th Cir.1992). District courts within the Eighth Circuit, however, have been willing to recognize estoppel claims for benefits under employer welfare plans (i.e. health insurance policies). *See, e.g., Coonce v. Aetna Life Ins. Co.,* 777 F.Supp. 759, 770–71 (W.D.Mo.1991).

■ Plaintiff's claim regards benefits under an employer welfare plan. Even if an estoppel claim is allowable in this case, plaintiff has not established the elements necessary for an estoppel claim. One element of equitable estoppel is a misstatement of a material fact. *Id.* at 772 n. 12. Plaintiff bases this estoppel claim on the fact that defendant failed to make prompt claim decisions. This contention cannot support an estoppel claim because there was no misstatement by the defendant that Mr. Darling's hospitalization would be covered under the insurance policy. Thus, plaintiff's motion for summary judgment based on a theory of equitable estoppel must be denied.

### 3. The Relationship Between the Certification Clause and the Pre–Existing Illness Clause

■ Plaintiff argues that the only way to give effect to both the certification clause and the pre-existing illness clause in the insurance policy issued by defendant is to find that the pre-existing illness clause does not apply in cases where certification is granted. Plaintiff, thus, contends that because Mr. Darling's hospitalization was pre-certified, defendant is denied from invoking the pre-existing illness clause.

The court finds this interpretation of the policy unpersuasive. As stated in the pre-certification notices sent to Mr. Darling on December 29, 1990 and May 2, 1991, the purpose of pre-certification was to insure that hospitalization was medically necessary. The pre-existing illness clause, on the other hand, was a substantive provision of the policy which precluded coverage under certain conditions. The two clauses are compatible in that coverage applied when a hospitalization was certified as medically necessary and when it did not involve a pre-existing illness. The court finds that the two clauses are not mutually exclusive and rejects plaintiff's interpretation of the policy.

### 4. Public Policy

■ Plaintiff contends that defendant's pre-existing illness clause is contrary to the public policy of ERISA. Plaintiff cites no case law to support this argument. Moreover, the court, through its own research, has failed to find any cases in which a pre-existing illness clause was found to be contrary to the policy of ERISA. In fact, a similar clause was given force and effect by the Eighth Circuit in an ERISA claim. *See Kirk v. Provident Life and Accident Ins. Co.,* 942 F.2d 504, 506 (8th Cir.1991). Plaintiff's motion for summary judgment based on the theory that defendant's pre-existing illness clause is contrary to the policy of ERISA is, therefore, denied.

### 5. Mo.Rev.Stat. § 376.426(5)

■ Plaintiff states that Mo.Rev.Stat. § 376.426(5) limits application of pre-existing illness clauses to "a disease or physical condition for which medical advice or treatment was received by the person during the twelve months prior to the effective date of the person's coverage." Plaintiff contends that because Mr. Darling did not receive medical advice or treatment for his vascular disease within twelve months preceding his coverage under the insurance policy, pursuant to section 376.426(5), the defendant cannot deny benefits.

Section 376.426(5) applies to group health insurance policies "delivered in this state." Defendant has submitted the affidavit of Joseph Radigan, Senior Area Vice President of defendant, stating that the group policy under which Mr. Darling was insured was issued through a trust located in Memphis, Tennessee. Plaintiff has not refuted this affidavit. Defendant states

that because the policy was "delivered" in Tennessee, Missouri law does not apply and, consequently, section 376.426(5) does not apply.

In *Nash by Nash v. Krivaja Beechbrook Corp.*, 866 F.2d 1053 (8th Cir.1989), the Eighth Circuit interpreted a similar Missouri statute under circumstances similar to this case. In *Nash*, a policy was issued to an employer through a trust located in Washington, D.C. *Id.* at 1056. The Eighth Circuit upheld the district court's findings that a Missouri statute which applied to policies "delivered or issued for delivery" in Missouri did not apply because the policy was issued in Washington, D.C. *Id.* The *Nash* decision supports defendant's claim that Mo.Rev.Stat. § 376.426(5) does not apply to the policy at issue in this case. Therefore, plaintiff's motion for summary judgment based on Mo.Rev.Stat. § 376.426(5) must be denied.

**D. Defendant's Cross–Motion for Summary Judgment**

 Defendant's argument for summary judgment can be outlined as follows. Mr. Darling suffered from claudication prior to the effective date of his coverage under the insurance policy issued by defendant. The policy excluded coverage for any illness in which distinct symptoms were evident during the twelve months prior to the effective date. Defendant has submitted expert depositions stating that claudication is a distinct symptom of the vascular disease suffered by Mr. Darling. Therefore, defendant contends that denial of benefits for Mr. Darling's hospitalization due to his vascular disease was appropriate and summary judgment should be granted in favor of defendant.

Plaintiff has failed to establish any dispute of material facts in this case. Plaintiff has failed to dispute that Mr. Darling complained of claudication prior to the effective date of the policy or that claudication is a distinct symptom of vascular disease. While plaintiff argues that Mr. Darling did not know of his illness prior to the effective date of the insurance policy, this is not a material fact. The pre-existing illness provision of the policy defined a pre-existing illness as any illness or

injury for which the insured had "received any diagnosis, medical advice or treatment or had taken any prescribed drug, or where distinct symptoms were evident." Knowledge of the illness or injury was not a necessary element for a pre-existing illness under the policy. Consequently, Mr. Darling's lack of knowledge regarding his illness is irrelevant to the facts of this case.

Plaintiff also opposes defendant's motion for summary judgment by restating the arguments made in support of her motion for summary judgment. These arguments were addressed in the discussion of plaintiff's motion for summary judgment and were found to be ineffective.

The court finds, based on the undisputed facts, that Mr. Darling suffered from a distinct symptom of his vascular disease prior to the effective date of his policy. Thus, the denial of benefits by the defendant was appropriate under the pre-existing illness clause of Mr. Darling's health insurance policy. Furthermore, the Eighth Circuit has upheld the denial of insurance benefits under similar circumstances based on similar pre-existing illness clauses. *See Kirk*, 942 F.2d at 505–06. Consequently, defendant's motion for summary judgment is granted.

Accordingly, it is **ORDERED** that:

(1) plaintiff's motion for summary judgment is DENIED;

(2) defendant's cross-motion for summary judgment is GRANTED.

### *JUDGMENT IN A CIVIL CASE*

_____Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

 x Decision by Court. This action came before the Court. The issues have been determined and a decision has been rendered.

**804**

IT IS ORDERED AND ADJUDGED

that plaintiff's motion for summary judgment is DENIED.

that defendant's cross-motion for summary judgment is GRANTED.