**Ted WERNER, Plaintiff,**

v.

**AMERICAN BAKERIES COMPANY, a foreign corporation, Defendant.**

**No. 86–61–Civ–Oc–14.**

United States District Court, M.D. Florida, Ocala Division.

Nov. 4, 1986.

Frank C. Lawson, Ocala, Fla., for plaintiff.

Allan P. Clark, Caven, Clark & Ray, Jacksonville, Fla., for defendant.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

This case is before the Court on the defendant's Motion for Summary Judgment, filed herein on June 25, 1986. Plaintiff's response in opposition was filed July 9, 1986. The Court heard oral argument on the motion on September 18, 1986.

Plaintiff has brought this action to enforce a promise by the defendant to pay plaintiff monthly retirement benefits in the amount of $502.11 and for damages incurred in reliance on defendant's promise, including plaintiff's mental anguish and loss of capacity for the enjoyment of life.[1] The basis of jurisdiction in this Court is diversity of citizenship. It is defendant's position that plaintiff's action, which is based on state law, is preempted by the Employee Retirement Income Security Act [hereinafter "ERISA"], 29 U.S.C.A. § 1144 (West 1985). Defendant also maintains that plaintiff has failed to state a claim for relief under ERISA. Plaintiff admits that he was covered by defendant's retirement plan which is regulated by ERISA. Plaintiff maintains, however, that his claims are not based on relief to which he might be entitled under the retirement plan and, thus, are not preempted by ERISA. Alternatively, plaintiff asserts that his Complaint, if read liberally, states a cause of action under ERISA. The Court will first

---

1. Plaintiff's action is based on a letter dated March 1, 1985, to the plaintiff from the defendant "Re: *Company Retirement Plan*." The relevant portion of the letter provides:

    I have also been advised that you are interested in information concerning Early Retirement at age 62 on July 1, 1985. If you were to initiate Early Retirement then your Monthly Retirement Benefit would be reduced to approximately $537.94.... Again, if you were to elect Early Retirement on July 1, 1985, and exercise a 50% Joint and Survivor Option, your Monthly Benefit would be reduced to approximately $502.11 by reason of the Option exercise and should you predecease your spouse she would be again entitled to receive one-half of this amount or $251.06 for the balance of her lifetime.

    The letter is signed by Daniel G. Rogers, Insurance Manager and is on American Bakeries Company's letterhead. *See* Letter dated March 1, 1986, attached to Notice of Filing Answers to Interrogatories, filed June 25, 1986. The plaintiff elected Early Retirement.

address whether ERISA preempts plaintiff's action.

### Preemption

■ ERISA provides, in relevant part: Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . .

29 U.S.C. § 1144(a) (1985). ERISA preemption extends to state common law causes of action. Claims brought under such common law doctrines that do not explicitly refer to the employee benefit plan are nonetheless preempted when the claims arise from the administration of such plans. *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir.1985). In *Scott*, the Ninth Circuit articulated a test to determine whether a plaintiff's state law claims are preempted by ERISA: "We inquire as to whether the conduct challenged by each claim was part of the administration of an employee benefit plan." *Id.* at 1505.

■ This Court adopts the test articulated by the *Scott* court and will be guided by the *Scott* court's application.[2] The Court will, therefore, inquire as to whether the conduct challenged by the plaintiff's claim is part of the administration of the employee benefit plan and, thus, regulated by ERISA.

ERISA contains three subchapters. The first subchapter, entitled "Protection of Employee Benefit Rights," 29 U.S.C. §§ 1001–1145, is divided into Subtitle A, 29 U.S.C. §§ 1001–1003, which contains findings, definitions and other provisions governing the entire Act, and Subtitle B, 29 U.S.C. §§ 1021–1145, which contains substantive provisions. Subtitle B is divided into five parts. Part 1 governs reporting and disclosure, 29 U.S.C. §§ 1021–1031; Part 2 governs participation and vesting, 29 U.S.C. §§ 1051–1061; Part 3 governs funding, 29 U.S.C. §§ 1081–1086; Part 4 governs fiduciary responsibility, 29 U.S.C. §§ 1101–1114; and Part 5 governs administration and enforcement, 29 U.S.C. §§ 1131–1145. Of particular relevance to this action is Part 1, setting up a comprehensive scheme for reporting and disclosure. Specifically, 29 U.S.C. § 1025 (1985) provides, in pertinent part:

(a) Statement furnished by administrator to participants and beneficiaries.

Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest information

(1) the total benefits accrued, and

(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

An administrator who fails to comply with this statute may be personally liable to the beneficiary for damages up to $100 per day. 29 U.S.C. § 1132(c) (1985).

In the present case, the conduct that gave rise to plaintiff's action was the reporting by the plan administrator of the benefits to which plaintiff was entitled. *See* footnote 1. The duty to disclose the

---

**2.** The *Scott* court relied to some extent on *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482 (9th Cir.1983), *rev'd on other grounds*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), *withdrawn*, 778 F.2d 542 (9th Cir.1985). Thus, *Russell* no longer has any precedential value. However, the Ninth Circuit's reasoning in *Scott* is supported by substantial case law both within the Ninth Circuit and in other circuits. *See Martori Bros. Distributors v. James-Massengale*, 781 F.2d 1349, 1357 n. 19 (9th Cir.1986) (listing cases concerning preemption of state common law claims). In addition, the *Scott* court relied on *Lafferty v. Solar Tur-*

*bines International*, 666 F.2d 408 (9th Cir.1982) (breach of contract action was preempted by ERISA). *But see Cattin v. General Motors Corp.* 612 F.Supp. 948, 950 (E.D.Mich.S.D.1985) (contract actions are not preempted by ERISA).

At least one court in this circuit has adopted *Lafferty. See Anderson v. Ciba-Geigy Corp.*, 608 F.Supp. 668, 672 (N.D.Ga.1984) (expressly following *Lafferty* ), *aff'd* 759 F.2d 1518 (11th Cir. 1985) (the Eleventh Circuit did not address the preemption issue on appeal). Thus, there is a basis for applying the Ninth Circuit's test articulated in *Scott* in this circuit.

benefits to which plaintiff was entitled is clearly regulated by ERISA. *See Barrowclough v. Kidder, Peabody & Co., Inc.,* 752 F.2d 923 (3d Cir.1985). Thus, the Court finds that the conduct which forms the basis of the plaintiff's claims relates to the administration of the employee benefit plan and is regulated by ERISA.[3]

### Cause of Action under ERISA

Plaintiff asserts in the alternative that if his Complaint is preempted by ERISA, he has stated a cause of action under ERISA. While the Court finds that a liberal reading of plaintiff's Complaint does state a cause of action for violation of 29 U.S.C. § 1104(a)(1)(B), *see Whitaker v. Texaco, Inc.,* 566 F.Supp. 745 (N.D.Ga.1983), plaintiff's allegations regarding an ERISA cause of action could be made clearer if plaintiff filed an Amended Complaint. In addition, filing an Amended Complaint was

the specific remedy the *Scott* court ordered. 754 F.2d at 1506. Therefore, rather than requiring the defendant to respond to allegations constituting a state cause of action, the Court will require plaintiff to file an Amended Complaint pleading an ERISA cause of action and direct the defendant to respond.

Accordingly, it is

ORDERED:

1. That defendant's Motion for Summary Judgment, filed herein on June 25, 1986, is granted.

2. That the Complaint is hereby dismissed with leave for the plaintiff to file an Amended Complaint pleading an ERISA cause of action within twenty (20) days from the date of this order.

3. That the defendant shall have twenty (20) days after receipt of the Amended Complaint to file a responsive pleading.

---

3. The *Scott* court was concerned that preemption of the plaintiffs' state law claims "would leave them without an avenue of redress for the wrongs that they have alleged." 754 F.2d at 1506. While an analysis of plaintiff's remedies under ERISA is not necessary to determine the preemption issue, the Court will discuss plaintiff's avenues of redress under ERISA.

As stated by the *Scott* court:

ERISA does not contain a body of contract law to govern the interpretation and enforcement of employee benefit plans. Instead, Congress intended for the courts, borrowing from state law where appropriate, and guided by the policies expressed in ERISA and other federal labor laws, to fashion a body of federal common law to govern ERISA suits.

754 F.2d at 1501–02.

Plaintiff may have remedies for alleged misrepresentations in the report that the defendant did provide. 29 U.S.C. § 1132(a)(1)(B), provides:

A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The remedies under this section include an action to recover accrued benefits, an action for declaratory relief that plaintiff is entitled to benefits, and to enjoin the plan administrator from refusing to pay benefits. *See Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. ——, ——, 105 S.Ct. 3085, 3093–94, 87 L.Ed.2d 96, 106 (1985).

Several courts have upheld actions for alleged misrepresentations under this section. *See, e.g.,*

*Gors v. Venoy Palmer Market, Inc.,* 578 F.Supp. 365 (E.D.Mich., S.D.1984) (plaintiff stated a cause of action to recover benefits due under the terms of his plan based on erroneous and misleading information provided in a summary plan description which would entitle plaintiff to greater benefits than the existing plan and for breach of fiduciary duty); *Schlansky v. United Merchants & Manufacturers, Inc.,* 443 F.Supp. 1054, 1064 (S.D.N.Y.1977) (breach of fiduciary duty as to affirmative negligent misrepresentations). In addition, courts have applied the state law of estoppel in ERISA actions. *See Rosen v. Hotel and Restaurant Employees & Bartenders Union of Philadelphia, Bucks, Montgomery and Delaware Counties, PA.,* 637 F.2d 592, 596–98 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981); *Scheur v. Central States Pension Fund,* 358 F.Supp. 1332, 1338 (E.D.Wis.1975), *on rehearing,* 394 F.Supp. 193 (E.D.Wis.1975), *aff'd,* 570 F.2d 347 (7th Cir. 1977) (denial of pension was arbitrary in light of prior assurances to the employee that he would qualify). Thus, the federal common law governing ERISA suits would provide plaintiff with an avenue of redress for the wrongs he has alleged.

Plaintiff, however, would not be entitled to his claim for mental anguish and loss of enjoyment of life. *See Light v. Blue Cross and Blue Shield of Alabama, Inc.,* 616 F.Supp. 558 (S.D.Miss. 1985). In addition, plaintiff could not claim damages under 29 U.S.C. § 1132(a)(2), providing for an action for breach of fiduciary duty. *See Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).