PER CURIAM.
 

 Robert E. Slice appeals from the District Court’s order disposing of his action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. We remand for further proceedings.
 

 Slice was a full-time employee of Sons of Norway (Norway). He retired and received $251.87 per month in pension benefits as Norway had informed him he would. Two years later Norway informed Slice that, due to a computational error, Slice’s pension benefit payments had been overstated; it advised Slice it would not attempt to recover the overpayment, but would begin sending him the correct payment of $105.80 per month. Slice filed suit in state court claiming breach of contract, negligent misrepresentation, and breach of fiduciary duty. The court dismissed the action on the ground that ERISA preempted Slice’s state law claims.
 

 Slice filed his complaint in District Court, claiming the action arose under ERISA; the pension plan was a “plan” as defined in section 1002(2)(A), (3); Norway was an administrator of the plan as defined in section 1002(16)(A) and a fiduciary as defined in section 1002(21)(A); and Slice was a participant as defined in section 1002(7). In eight counts, Slice essentially claimed that Norway (1) breached a contract based on the original amount of the benefit payments; (2) was equitably estopped from lowering the promised payment; and (3) breached its fiduciary duty under the plan by misrepresenting the amount of monthly benefits he would receive for life (upon which representation he reasonably relied) and by arbitrarily and capriciously refusing to pay the promised amount.
 
 [1]
 
 Slice sought actual and punitive damages, attorney fees, and in-junctive relief.
 

 Norway moved to dismiss for failure to state a claim or, alternatively, for summary judgment, arguing that Slice’s claims were preempted by ERISA. The District Court noted that the parties disputed whether Slice was told the amount of his benefits before or after he decided to retire. The court concluded that each of Slice’s claims was framed as a state law cause of action but arose out of conduct governed by ERISA, and thus the claims were preempted.
 

 Slice argues on appeal that the District Court erred in dismissing his complaint because it stated a cause of action under section 1104(a)(1)(B) and (D) of ERISA, which essentially provides that a fiduciary is held to a “prudent man” standard when discharging ERISA duties. Slice adds that, as to any of his claims not expressly covered by ERISA, the court should have looked to federal common law. Norway argues that ERISA preempts Slice’s state law claims; Slice’s breach-of-fiduciary-duty claim “relates to” the plan and depends on his state-law contract theory, and thus is also preempted; and Slice did not state any claim under ERISA. Slice replies that ERISA preempts
 
 state laws,
 
 not
 
 claims,
 
 and preemption merely means that federal courts have exclusive jurisdiction over rights and obligations governed by ERISA; thus, the federal court must determine, e.g., whether Slice’s contract claims state a cause of action under ERISA or any existing federal common law, or whether the court should fashion new federal common law, “lookpng] to state law for guidance.”
 
 Lyman
 
 Lumber
 
 Co. v. Hill,
 
 877 F.2d 692, 693 (8th Cir.1989).
 

 While state law is preempted in an action relating to a benefit plan, we conclude that the District Court should have addressed whether Slice’s complaint stated a cause of action under either an express provision of ERISA or federal common law.
 
 See Anderson v. John Morrell & Co.,
 
 830 F.2d 872, 877 (8th. Cir.1987) (courts should fashion federal substantive law to fill in gaps left by ERISA’s express provisions).
 

 
 *1047
 
 Under the civil enforcement scheme of ERISA, a “beneficiary may sue to recover benefits due under the plan [or] to enforce the participant’s rights under the plan.”
 
 Pilot Life Ins. Co. v. Dedeaux,
 
 481 U.S. 41, 53, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). Slice sued to collect benefits he claimed he was due as a beneficiary. He claimed that Norway breached its fiduciary duty by negligently misrepresenting the amount of his monthly benefits. While the District Court correctly concluded that ERISA preempts a state law misrepresentation claim, the court should have decided whether “the allegations state[d] a
 
 federal
 
 claim for relief under ERISA.”
 
 Kuntz v. Reese,
 
 760 F.2d 926, 935 (9th Cir.1985) (ERISA provides federal cause of action for fiduciary’s misrepresentation of plan coverage),
 
 vacated on other grounds,
 
 785 F.2d 1410 (9th Cir.) (per curiam),
 
 cert. denied,
 
 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986);
 
 see also Powell v. Bob Downes Chrysler-Plymouth, Inc.,
 
 763 F.Supp. 1023, 1027 (E.D.Mo.1991) (claim of negligent misrepresentation construed as claim of breach of fiduciary duty arising under ERISA);
 
 Board of Trustees v. Continental Assur. Co.,
 
 690 F.Supp. 792, 795 (W.D.Ark.1988) (allegations underlying breach-of-contract and negligence claims state claim under ERISA for breach of fiduciary duty).
 

 Slice also claimed that Norway was es-topped from lowering his payments because he reasonably relied on its original statement of the benefit amount. This Court has not directly addressed whether principles of estoppel may be applied to an ERISA claim. The circuits are divided on the issue.
 
 Compare Williams v. Bridgestone/Firestone, Inc.,
 
 954 F.2d 1070, 1072-73 (5th Cir.1992) (disallowing application)
 
 and Straub v. Western Union Tel. Co.,
 
 851 F.2d 1262, 1265-66 (10th Cir.1988) (same)
 
 with Black v. TIC Inv. Corp.,
 
 900 F.2d 112, 114-15 (7th Cir.1990) (and cases cited therein; allowing application)
 
 and Kane v. Aetna Life Ins.,
 
 893 F.2d 1283, 1285-86 (11th Cir.) (allowing where interpreting ambiguities in benefit plans),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990)
 
 and Fitch v. Arkansas Blue Cross & Blue Shield,
 
 795 F.Supp. 904, 908 (W.D.Ark.1992) (allowing where challenged actions do not involve alleged modifications of plan).
 

 Whether there is a remedy under ERISA is a question for the District Court in the first instance.
 
 See Bartholet v. Reishauer A.G. (Zurich),
 
 953 F.2d 1073, 1078 (7th Cir.1992). Accordingly, we remand to the District Court for further proceedings consistent with this opinion.
 

 [1]
 

 . On appeal, Slice abandons an additional claim based on the Minnesota Human Rights Act.