Robert E. SLICE, Appellant,

v.

SONS OF NORWAY, Appellee.

No. 93–2301.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1994.

Decided Aug. 31, 1994.

William L. Lucas, Eden Prairie, MN, argued, for appellant.

Edward T. Wahl, Minneapolis, MN, argued (Lori A. Buck, Minneapolis, MN, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, LIVELY,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Robert E. Slice appeals from a final order entered in the United States District Court[1] for the District of Minnesota dismissing his complaint against Sons of Norway (Norway). *Slice v. Sons of Norway,* No. 4–92–1233, 1994 WL 742746 (D.Minn. Apr. 13, 1993) (memorandum and order). For reversal, Slice argues that the district court (1) erred in hold-

---

* The Honorable Pierce Lively, Senior United States District Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota.

ing that he failed to state a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, (2) erred in holding that he failed to state a claim under federal common law, and (3) abused its discretion in denying his motion for leave to amend the complaint. For the reasons discussed below, we affirm the order of the district court.

## I. Background

In April 1979, Slice began working for Norway as a custodian. On April 28, 1987, after nine years of fulltime employment with Norway, Slice received a statement of pension benefits advising him that if he were to retire on May 31, 1987, he would receive benefits of $251.87 per month for life. Slice retired on May 31, 1987.[2] Upon his retirement, he began receiving pension benefits of $251.87 per month, which continued for two years from July 1, 1987, until July 1, 1989. On June 12, 1989, Norway informed Slice by letter that, due to a computational error, the company had been overpaying him and that he was only entitled to pension benefits of $105.80 per month. The letter also informed Slice that Norway would not seek reimbursement for past overpayments. Since July 1, 1989, Slice has received the adjusted amount of $105.80 per month. He does not dispute that $105.80 is the correct calculation of his monthly benefits under the terms of Norway's pension plan.

After his monthly payments decreased, Slice brought an action in Minnesota state court claiming breach of contract, negligent misrepresentation, and breach of fiduciary duty. The state court dismissed the action for lack of jurisdiction on grounds that ERISA preempted Slice's state law claims. Slice then brought the present action in fed-

eral district court under ERISA. His complaint essentially claims breach of contract, equitable estoppel, and breach of fiduciary duty.[3] His complaint seeks declaratory and injunctive relief, and compensatory and punitive damages under 29 U.S.C. § 1132.

Norway moved for summary judgment dismissing the case. The district court granted Norway's motion on grounds that the claims were based on state law but arose out of conduct governed by ERISA; therefore, the claims were preempted by ERISA. Slice appealed. This court remanded the case to the district court with instructions to consider whether Slice's complaint stated a cause of action under an express provision of ERISA or under federal common law. *Slice v. Sons of Norway*, 978 F.2d 1045 (8th Cir.1992) (per curiam). After the remand, Norway moved for dismissal and Slice moved for leave to amend the complaint. The district court considered the issues identified by this court and held that Slice could not state a claim under any express provision of ERISA and that, under the circumstances of the case, Slice also could not state a claim under federal common law. The district court denied Slice's motion for leave to amend the complaint on grounds that Slice could not state any claim upon which relief may be granted. *Id.* This appeal followed.

## II. Discussion

### A. ERISA claims

■ Slice first argues that the district court erred in holding that he had not, as a matter of law, stated a claim under any express provision of ERISA. ERISA's civil enforcement provisions, set forth in 29 U.S.C. § 1132(a),[4] provide the exclusive remedy for

---

2. The parties dispute the timing of Slice's decision to retire. Slice alleges that he began considering retirement in October 1986, but did not make a final decision until after receiving the April 28, 1987, statement. Norway alleges that Slice stated orally in October 1986 that he intended to retire the following summer, and therefore had already made the decision by the time he received the April 28, 1987, statement.

3. Slice also alleged a violation of the Minnesota Human Rights Act, but apparently has since abandoned that claim. *See Slice v. Sons of Nor-*

*way*, 978 F.2d 1045, 1046 n. 1 (8th Cir.1992) (per curiam).

4. Section 1132(a) provides in pertinent part:
   **(a) Persons empowered to bring a civil action**
   A civil action may be brought—
   **(1)** by a participant or beneficiary—
   **(A)** for the relief provided for in subsection (c) of this section, or
   **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

participants or beneficiaries seeking to enforce their rights under an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987) (*Pilot Life*). Slice does not dispute the district court's conclusions that he cannot state claims for relief under §§ 1132(a)(1)(B)[5] or 1132(a)(2).[6] However, he contends in this appeal that the district court erred in failing to identify claims against Norway under 29 U.S.C. § 1132(a)(3)(B) and 29 U.S.C. § 1104(a).

Section 1132(a)(3) provides:

**(a) Persons empowered to bring a civil action**

A civil action may be brought—

. . . .

(3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or *(B) to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

(Emphasis added.) Slice argues that he has stated a claim under the above provision because his equitable estoppel claim seeks "to obtain other appropriate equitable relief." In support of this argument, Slice notes the majority opinion's observation in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 139 n. 5, 105 S.Ct. 3085, 3088 n. 5, 87 L.Ed.2d 96 (1985) (*Massachusetts Mutual*) that "[b]ecause respondent relies entirely on [29 U.S.C. § 1109(a)] and expressly disclaims reliance on [29 U.S.C. § 1132(a)(3)], we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracontractual damages." Slice goes on to argue that the concurring opinion in *Massachusetts Mutual* suggests that "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3) includes money damages. *See also Vogel v. Independence Fed. Sav. Bank,* 692 F.Supp. 587, 594 (D.Md.1988) ("Whether ERISA allows estoppel as a basis for relief does not appear to have been directly addressed before, but since estoppel is an equitable doctrine, and 29 U.S.C. § 1132(a) specifically grants equitable powers, estoppel is an appropriate theory for recovery of benefits from an ERISA employee benefits plan.").

Norway argues that the causes of action available to an ERISA participant seeking money damages are exclusively listed in 29 U.S.C. § 1132(a). Norway argues that *Mertens v. Hewitt Assocs.,* — U.S. —, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (*Mertens*), and *Novak v. Andersen Corp.,* 962 F.2d 757 (8th Cir.1992) (*Novak*), *cert. denied,* — U.S. —, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993), hold that extra-contractual money damages are not available under § 1132(a)(3), the precise provision which Slice identifies as a basis for his ERISA claim. Norway argues that both *Mertens* and *Novak* conclude that § 1132(a)(3) exclusively provides for certain types of equitable relief, such as injunctive relief, declaratory relief, and restitution, but does not provide for extra-contractual money damages which, in essence, is what Slice seeks. We agree.

In *Novak,* this court held that the plaintiff, who had received all the benefits to which he was entitled under an employee stock owner-

---

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

**5.** Under § 1132(a)(1)(B), a plan participant can sue to recover benefits under the terms of the plan, enforce rights under the terms of the plan, or clarify his or her rights to future benefits under the terms of the plan. Slice is seeking none of these as he is admittedly already receiving all that he is entitled to *under the terms of the plan.*

**6.** Section 1132(a)(2) provides that civil actions may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of [Title 29]." Section 1109 refers to "liability for breach of fiduciary duty." In *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court held that, under 29 U.S.C. § 1109(a), an individual could not recover extra-contractual damages caused by a breach of a fiduciary's duties.

ship plan, was not entitled to money damages under 29 U.S.C. § 1132(a)(3)(B) for his employer's failure to notify him of a rollover option, even though such notice was required by the Internal Revenue Code. This court explained "we find nothing in the statutory language to persuade us to interpret 'other appropriate equitable relief' to mean anything other than what it usually means—declaratory or injunctive relief." 962 F.2d at 760. In the present case, Slice attempts to categorize his theory of liability, equitable estoppel, as a form of equitable relief. Nevertheless, the relief he seeks is money damages to compensate him for his alleged reliance on Norway's extra-contractual promise. As this court indicated in *Novak,* however, we understand "appropriate equitable relief" to refer to equitable remedies. Such remedies exclude money damages, "the classic form of *legal* relief." *Mertens,* —— U.S. at ——, 113 S.Ct. at 2068. *See also Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1527–28 (9th Cir.1993) (*Watkins* ) (noting Supreme Court's holding in *Mertens* that "the term 'other appropriate equitable relief' encompasses *only* the traditional forms of equitable relief, i.e., an injunction, mandamus, or restitution"). In *Watkins,* the Ninth Circuit explained "[i]t makes no difference that the [plaintiffs'] claim is equitable in nature. The Court in *Mertens* looked to the substance of the remedy sought (i.e., injunction versus damages) rather than the label placed on that remedy." 12 F.3d at 1528 n. 5. Therefore, while we cannot say that a claim of equitable estoppel will never give rise to a viable ERISA claim, we hold that the relief Slice seeks in the present case is not available under 29 U.S.C. § 1132(a)(3)(B) because he is essentially seeking money damages.

▮ Slice separately argues that he has stated a claim under 29 U.S.C. § 1104(a), which sets forth the so-called "prudent man standard of care" in defining fiduciary duties under ERISA. We reject this argument because 29 U.S.C. § 1104 cannot independently support a claim of breach of fiduciary duty where such a claim cannot be stated under any provision of 29 U.S.C. § 1132(a). *See Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1556 (29 U.S.C. § 1132(a) provides the exclusive causes of action for claims by ERISA plan participants and beneficiaries seeking to enforce rights under an ERISA plan). Slice relies on two district court opinions to support this argument, neither of which we find on point. In *Werner v. American Bakeries Co.,* 646 F.Supp. 1100, 1103 (M.D.Fla.1986), notwithstanding a comment in dictum that a liberal reading of the plaintiff's state law claims could support a cause of action under 29 U.S.C. § 1104(a), the district court merely granted the plaintiff leave to amend the complaint—to provide the plaintiff an opportunity to set forth an ERISA claim. In *Larsen v. NMU Pension Plan Trust,* 767 F.Supp. 554, 557 (S.D.N.Y.1991), where a material misrepresentation by the employer gave rise to a claim for *breach of fiduciary duty,* the district court specifically held that the plaintiff was only entitled to recover benefits that were due her under the terms of the plan. She did not recover extra-contractual money damages and, in fact, her recovery was offset by overpayments received by her husband. *Id.*

Accordingly, we hold that the district court did not err in concluding that Slice failed to state a claim under any provision of ERISA.

**B. Federal common law claims**

▮ Slice next argues that he has nevertheless stated a claim of equitable estoppel under federal common law. Slice points out that federal courts, including the Eighth Circuit, have routinely looked to state law to "fill the gaps" in ERISA law, and some have specifically permitted claims of equitable estoppel. For example, in *Black v. TIC Inv. Corp.,* 900 F.2d 112, 114–15 (7th Cir.1990) (*Black* ), the Seventh Circuit reasoned that, where a multiemployer plan is involved, estoppel can have the adverse effect of allowing an improper depletion of plan assets to benefit one employer and its employees at the expense of others; however, where a single employer administers the plan, that risk does not exist and therefore principles of equitable estoppel may apply. *Id.* Slice argues that because Norway's pension plan is a single-employer plan and, moreover, he is suing Norway rather than the plan itself, the actuarial soundness of the plan is not at stake and no other plan participants would be

harmed if he were to prevail. Slice also cites *Coonce v. Aetna Life Ins. Co.*, 777 F.Supp. 759 (W.D.Mo.1991) (*Coonce*), among other decisions originating in this circuit. In *Coonce*, the district court noted the division among the circuits on the issue of whether equitable or promissory estoppel is a cognizable federal common law claim in the field governed by ERISA. As to the Eighth Circuit, the district court in *Coonce* reviewed the current case law and concluded

> [a]lthough the Eighth Circuit to date has not seen fit to recognize a federal common law right of action in ERISA cases, these decisions suggest that the court would be willing to fashion a federal common law action for equitable estoppel under certain circumstances. This court suggests that the Eighth Circuit would be willing to recognize a claim for estoppel where an employer (or plan administrator) has expressed a "specific" intent to be bound by either an oral or written modification of the plan.

*Id.* at 769–70. One of the issues in *Coonce* was whether a beneficiary under a group health insurance plan had coverage for a condition that pre-existed a change in benefits. The district court highlighted the fact that persons with authority to make representations about the beneficiary's rights under the plan made repeated oral statements indicating a specific intent to be bound by promises that the beneficiary would continue to be covered under the plan. Notably, in *Coonce*, the oral representations concerned an *interpretation* of the plan's provision affecting the survival of benefits for the pre-existing condition. *Id.* at 771. The district court concluded that, under those circumstances, a federal claim of equitable estoppel was warranted. *Id.*

Norway maintains that Slice is not seeking to "fill the gaps" in ERISA, but rather is seeking to supplant ERISA with contrary principles of state law. Norway contends that Slice's position is contrary to ERISA's requirement that pension plans be in writing, subject only to written modifications which conform to ERISA's requirements. Norway distinguishes the present case from *Coonce* on grounds that the district court in *Coonce*

applied estoppel principles to *interpret* the terms of the plan at issue. *Coonce*, 777 F.Supp. at 771 ("[t]his is not an instance where someone misrepresented that an employee had coverage when he did not.... [T]he oral representations [the beneficiary] seeks to enforce appear to have been made pursuant to an interpretation of the plan's provisions."). Norway also argues that, unlike the plan trustees in *Coonce*, it never manifested a specific intent to be bound to pay Slice more than what he was entitled to receive under the terms of the plan. *See also Anderson v. John Morrell & Co.*, 830 F.2d 872, 877 (8th Cir.1987) (employer's oral statement to employees of a "policy" modifying its retirement plan is not binding unless employer manifests a specific, if not written, expression of the employer's intent to be bound by the plan modification).

In the present case, the district court engaged in an exhaustive examination of relevant case law from this and other circuits, slip op. at 9–19, and concluded

> although [Slice] merely cites the general rule that estoppel principles apply to all legal actions and has not explained to the Court why estoppel should be allowed under the circumstances of this case, it appears that [Slice] is in effect arguing that [Norway's] representations resulted in a modification of the written plan's formula for calculating benefits. Because ERISA specifically addresses the procedure for amending a plan, estoppel cannot be employed to enlarge benefits available under the plan.... Estoppel can only be employed "when the terms of the plan are ambiguous *and* the communications constituted an interpretation of that ambiguity." ... When the alleged misrepresentations flatly contradict the unambiguous language of the plan, an estoppel claim is not available.

*Id.* at 18–19 (citations omitted). Upon review, we hold that the district court correctly determined that, under the circumstances of the present case, Slice has failed to state an actionable claim of equitable estoppel. In reaching this conclusion, we agree with the First Circuit's analysis in *Law v. Ernst & Young*, 956 F.2d 364, 367–68 (1st Cir.1992)

(*Law*). In *Law*, the plaintiff sought to enforce his employer's erroneous written statement of what his early retirement benefits would be. The First Circuit reversed the district court's decision to allow the plaintiff to pursue an estoppel claim on grounds that such a claim was not actionable where the plaintiff had failed to establish that the estoppel would merely hold his employer to a plausible interpretation of the retirement plan, rather than a modification of the plan. *Id.*

We therefore hold that the district court did not err in finding that Slice has failed to state a claim under federal common law.

## C. Motion for leave to amend complaint

Slice recognizes that a denial of a motion for leave to amend the complaint is reviewed for abuse of discretion. *Butler v. City of North Little Rock*, 980 F.2d 501, 506 (8th Cir.1992). Slice contends, however, that the district court did abuse its discretion in denying his motion for leave to amend because the district court failed to justify the denial. Slice further argues that Norway would not be prejudiced by the amendment because all facts upon which the amended complaint would be based are known to Norway. Moreover, Slice argues, there is a "reasonable likelihood" that he is entitled to relief under the express provisions of ERISA or under applicable federal common law.

In response, Norway argues that Slice, in effect, had an opportunity to amend the complaint when he was required to refile in federal court. In any case, the district court on remand reviewed the complaint for any plausible ERISA or related federal common law claim and found none. To allow leave to amend at this point, Norway argues, would be futile; all that is to be gained by allowing the proposed amendment is further protraction of this litigation, which has already lasted several years. Moreover, Norway argues, Slice has not indicated what new allegations or claims he would include in his amended complaint if given the opportunity.

Upon review, we agree with the district court's conclusion that "under the circumstances of this case, it is not possible for [Slice] to state a claim upon which relief may be granted." Slip op. at 20. We therefore hold that the district court did not abuse its discretion in denying Slice's motion for leave to amend the complaint.

Accordingly, the order of the district court is affirmed.