Diane L. **BEBO**, Plaintiff,

v.

**MINNTECH CORPORATION, a Minnesota Corporation, and Hartford Life & Accident Insurance Company, Defendants.**

Civ. No. 4–94–836.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 5, 1995.

Randall J. Fuller, and Babcock, Locher, Neilson & Mannella, Anoka, MN, for plaintiff.

Jerry W. Snider, Randall E. Kahnke, and Faegre & Benson, P.L.L.P., Minneapolis, MN, for defendant Minntech Corporation.

Eric C. Tostrud, and Schatz, Paquin, Lockridge, Grindal & Holstein, P.L.L.P., Minneapolis, MN, for defendant Hartford Life and Accident Insurance Company.

## ORDER

DOTY, District Judge.

This matter is before the court on the motion of defendant Minntech Corporation ("Minntech") to dismiss the complaint and the motion of defendant Hartford Life and Accident Insurance Company ("Hartford") for summary judgment. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court grants both motions.

## BACKGROUND

Plaintiff Diane L. Bebo ("Bebo") was employed by Minntech from July 1977, until October 12, 1992, as an electronic assembler. In this position, Bebo performed various manual tasks in the assembly of electronic products, including hand soldering, wire cutting, stripping and pinning of cables, as well as packaging the finished product. In March 1992, Bebo became ill and was diagnosed as having acute respiratory failure due to either chronic obstructive lung disease or emphysema and pneumonia. Bebo was forced to stop working as a result of her illness and last worked at Minntech on March 20, 1992. Bebo thereafter received short term disability benefits from Minntech for approximately 26 weeks.

In May 1992, Bebo learned that Minntech was implementing a long term disability insurance plan ("the Plan") administered by Hartford, which would become effective June 1, 1992. Bebo filled out and returned certain forms to Minntech regarding the Plan in May and was allegedly told by Minntech in June 1992, that "there would be no problem with her coverage under the new insurance." Further, prior to the termination of her short term disability benefits, Bebo contacted Minntech and was told "that she would have to work five days in order to qualify for her new long term disability insurance."

Bebo checked with her doctor and made arrangements with Minntech to start back to

work on October 5, 1992. On October 2, 1992, however, a Minntech human resource representative informed Bebo that she would have to work 90 days, instead of five, to obtain the insurance. Bebo consulted with her doctor and determined that she could not work 90 days. Bebo did not return to work at Minntech.

Under the terms of the Plan Bebo would have been eligible for long term disability coverage if she was "actively at work for one full day" during the effective period of the Plan. In April 1994, Bebo filed a claim for long term disability benefits. By letter dated August 19, 1994, Hartford denied Bebo's claim for two independent reasons. First, Hartford determined that Bebo had not satisfied the policy's eligibility requirement that she be "actively at work for one full day." Hartford based this determination on a letter from Bebo's doctor which stated that Bebo could not have returned to work as a full time employee in September or October 1992. Hartford also determined that, even had she returned to work in September or October 1992, her disability fell within the pre-existing condition exclusion of the Plan, thus, she was not eligible for benefits. By letter dated August 30, 1994, Bebo appealed Hartford's denial of her claim. Hartford upheld the denial of benefits.

On September 20, 1994, Minntech was served with a summons and complaint originally filed in state court in February 1994. Minntech timely removed the case pursuant to the court's exclusive jurisdiction over claims governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Although Bebo initially filed an "Objection to Removal" on September 26, 1994, Bebo did not challenge the removal. In May 1995, Bebo amended her complaint to add Hartford. Count I of the amended complaint, directed towards Minntech, alleges that "as a direct and proximate result of the negligent and/or intentional misrepresentations to Plaintiff relative to long term disability insurance, Plaintiff has not been able to obtain the same although she continues to be totally disabled as of the date hereof." Count II alleges that Hartford's denial of Bebo's claim was arbitrary and capricious.

## DISCUSSION

### A. Hartford's Motion for Summary Judgment.

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather, the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. With

this standard at hand, the court addresses Hartford's motion.

Bebo challenges Hartford's denial of her claim for long term disability benefits. She argues that the denial is arbitrary and capricious because she was capable of returning to work for one full day as required by the Plan. Bebo also argues that Hartford's interpretation of medical care to include the taking of prescription drugs is unreasonable. Further, Bebo challenges Hartford's reliance on the pharmacy record to the extent that it does not establish that the prescriptions were for the treatment of her disability or when she took the medication.

■ ERISA's civil enforcement provisions set forth in Title 29, United States Code, § 1132, provide the exclusive remedy for participants or beneficiaries seeking to enforce their rights under an ERISA plan. Count II of Bebo's complaint against Hartford does not rely on a particular provision of § 1132, however, the complaint sets forth sufficient facts to state a claim under § 1132(a)(1)(B) of Title 29, as she is seeking to recover benefits due under the terms of the Plan.

■ Bebo and Hartford agree that the court should review Hartford's denial of long term disability benefits under the arbitrary and capricious standard of review as the plan instrument gives the administrator discretionary authority to interpret the terms of the plan and to decide disputed eligibility questions. Thus, the court will uphold the administrator's determination if it is reasonable, regardless of whether it is the best interpretation possible. *Erickson v. Aetna Life Ins. Co.*, 777 F.Supp. 1463, 1466 (D.Minn.1991). A decision is reasonable if it is based on an evaluation of factors that make a reasonable connection between the issues to be decided, the evidence in the case, the text under consideration and the conclusions reached. *Id.* at 1467. Further, the reviewing court is limited to a consideration of only those facts before the plan administrator when it made its decision.

■ In reviewing the reasonableness of Hartford's decision, the court begins with the language of the Plan. The Plan states that "[it] does not cover, and no benefit will be payable, for any Disability which is due to or contributed to a Pre-existing Condition." Certificate of Insurance for Minntech Corporation, Policy GLT 33481 ("Plan Document"), Section IV, Exclusion (3), pg. 21. The Plan further defines a Pre-existing Condition to mean "any Disability, diagnosed or undiagnosed, for which you receive Medical Care during the 365 day period which ends on the day before: (1) your effective date of insurance; and (2) the effective date of a Change in Coverage." Plan Document, Section II, pg. 8. An exception to exclusion for a pre-existing condition applies, however, if an employee has a 90 day treatment free period while insured during which the employee does not receive medical care. Plan Document, Section IV, pg. 21. Medical care, as defined by the Plan, includes "care which is received when: (1) a Physician is consulted or medical advice is given; or (2) treatment is recommended or prescribed by, or received from a Physician." Plan Document, Section II, pg. 8. The Plan further defines treatment to include "any prescribed drugs or medicines, including their prescription or use." *Id.*

By letter dated August 19, 1994, Hartford denied Bebo's claim for benefits. *See* Letter to Bebo from Thomas Pohlman at Hartford, dated August 19, 1994. Hartford assumed, for purposes of determining her claim, that Bebo had returned to work for the requisite period of time during which the Plan was in effect. Hartford concluded, however, that benefits must still be denied as the condition which caused her disability was a pre-existing condition subject to exclusion under the Plan. Hartford reached this conclusion based on evidence that Bebo did not have a 90 day treatment free period during which she did not consult a physician or during which prescription drugs were not prescribed. The court finds that Hartford's interpretation of the pre-existing condition exclusion to require a period free of prescription drug use is reasonable and required by the clear language of the Plan.

■ In concluding that Bebo did not have a treatment free period, Hartford relied on a prescription printout supplied by Snyder Drug. Bebo argues that it was unreasonable to rely on one piece of evidence,

which is barely legible and that does not establish the purpose for which the drugs were prescribed nor indicates when the drugs were taken. The court disagrees. Although portions of the prescription record are illegible, it demonstrates that Bebo filled prescriptions continuously throughout 1992, 1993 and 1994. Further, the type of prescriptions filled, including an Aerobid Inhaler System, present circumstantial evidence that the drugs were for her respiratory condition. This evidence was uncontroverted. Accordingly, the court finds that Hartford's reliance on this evidence was reasonable. Further, Bebo was allowed an opportunity to submit additional information to challenge Hartford's determination that she did not have a 90 day treatment free period. She failed to do so. Finally, even if the court did consider information not before Hartford at the time that it made its decision, Bebo has not come forward with sufficient evidence to raise a material issue of fact as to whether a 90 day period exists. Indeed, Bebo's affidavit does not aver that she had a treatment free period. Accordingly, the court concludes that Hartford's denial of benefits was neither arbitrary nor capricious, and therefore grants Hartford's motion for summary judgment.[1]

### B. Minntech's Motion to Dismiss.

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). When analyzing a motion to dismiss, the court looks to the complaint as pled. The complaint must be liberally construed and viewed in the light most favorable to the plaintiff. The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that supports the

claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Bebo alleges that Minntech misrepresented the conditions for eligibility under the Plan and that those misrepresentations led to the denial of benefits. Bebo's complaint, therefore, purports to state an estoppel claim under federal common law.[2] A plaintiff may assert a claim of estoppel where the terms of the plan are ambiguous and the communications constitute an interpretation of that ambiguity. *Slice v. Sons of Norway*, 34 F.3d 630, 634 (8th Cir.1994). In the complaint, Bebo does not point to any ambiguous provision in the Plan. In her response to Minntech's motion to dismiss, however, Bebo argues that Minntech created the ambiguity with its misrepresentations. This position misstates the required ambiguity which must be demonstrated. Bebo has pointed to no provision of the Plan which is ambiguous, and a review of the Plan document convinces the court that it is not ambiguous. Estoppel is a limited remedy, as it cannot be used to enforce extracontractual promises. The existence and interpretation of an ambiguity is critical. Bebo therefore cannot state an estoppel claim under federal common law.

Assuming, arguendo, that provisions of the Plan were ambiguous and Minntech's statements were interpretations of the ambiguous provisions, Bebo's estoppel claim fails as she cannot establish detrimental reliance. *Erickson v. Aetna Life Ins. Co.*, 777 F.Supp. 1463, 1469 (D.Minn.1991). As stated, Hartford denied Bebo's benefits as her respiratory illness was a pre-existing condition that precluded coverage. Had she returned to work for the requisite period of time, she would not have been eligible for long term benefits. Thus, although Bebo allegedly relied on the misrepresentations, the requisite detrimental reliance is missing.[3]

---

1. Alternatively, Hartford determined that Bebo did not satisfy the actively at work requirement of the Plan. Assuming Bebo did return to work for one day, Hartford found that, based on a letter from her treating physician, Bebo could no longer perform her regular duties as an electronic assembler on a full-time basis. The evidence before Hartford was uncontroverted. Thus, the court concludes that Hartford's reliance on this letter and subsequent determination was reasonable.

2. To the extent Bebo's complaint states a claim under state law, her claim is preempted. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987).

3. In reaching this conclusion, the court relied on the letter from Hartford denying Bebo's claim for benefits. As this letter is outside the pleadings, the court alternatively grants Minntech's request to treat its Rule 12(b) motion as one for summary judgment.

Finally, at oral argument, Bebo's counsel placed great significance on the fact that Bebo did not receive a copy of a summary plan description ("SPD"). Bebo's complaint, however, does not set forth facts that support a violation of ERISA's reporting and disclosure requirements under § 1132(a)(1)(A), nor has Bebo requested leave to amend her complaint, despite discussion of this matter during arguments. Accordingly, the court grants Minntech's motion to dismiss.

## CONCLUSION

Based on the foregoing, the court concludes that Hartford's denial of Bebo's request for long term disability benefits is neither arbitrary nor capricious as it comports with the clear language of the Plan and is supported by uncontroverted evidence. Further, the court concludes Bebo's complaint does not state a claim of estoppel under federal common law as the Plan is not ambiguous. Even if the court found that the Plan provisions were ambiguous, and that Minntech's statements were interpretations of the ambiguity, Bebo cannot demonstrate detrimental reliance. Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of defendant Hartford for summary judgment is granted;

2. The motion of defendant Minntech to dismiss is granted and Bebo's complaint is therefore dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**